## G. T. BALL v. THE STATE.

### No. 2585. Decided February 18, 1903.

**1.—Rape—Continuance—New Trial.**

On a trial for rape by a father upon his 14-year-old daughter, where it appeared on the trial that his absent wife, for whom he sought a continuance, was a most important and material witness, inasmuch as the prosecutrix testified that nearly all the ill-treatment she had received from defendant occurred in the presence of said absent wife, a new trial should, under the circumstances of the case, have been granted to secure her attendance or her deposition, notwithstanding there was an utter lack of diligence by defendant to secure her testimony by issuing process for her or attempting to take her deposition. She had promised defendant that she would return to his trial, but it was shown she was too ill to travel at that time.

**2.—Same—Evidence—Subsequent Acts of Cruelty by Defendant.**

On a trial for rape by a father upon his daughter, subsequent acts of cruelty towards the daughter, to the act complained of, which were not attempts to repeat the crime, are not admissible in evidence against defendant.

Appeal from the District Court of Parker. Tried below before Hon. J. W. Patterson.

Appeal from a conviction of rape; penalty, ninety-nine years imprisonment in the penitentiary.

The indictment charged appellant with rape upon Myrtie Ball, on the 20th day of August, 1902. Myrtie Ball was the daughter of appellant by his first wife, and she was 14 years old on the 14th day of July, 1902.

The opinion states the case.

*Preston Martin, Gilbert & Gilbert;* and *Brown & Bledsoe,* for appellant.

*R. B. Hood* and *Sam Shadle,* for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for a term of ninety-nine years. The rape was committed upon Myrtie Ball, a girl about 14 years old, the daughter of appellant by his former wife. Appellant married his first wife, the mother of prosecutrix, in West Virginia, and lived with her there for two or three years, and then separated from her, leaving his children with her. Appellant afterwards moved

West, and came to the Indian Territory, where he married his present wife. His former wife in the meantime had died about a year ante-dating the offense here charged. Appellant had his two children, including prosecutrix and a son younger than she, named Bennett, to come from West Virginia to the Indian Territory. The record shows a course of ill treatment exercised by appellant towards his daughter in the territory, including various attempts to have carnal intercourse with her anterior to the commission of the offense charged. Some time in July or August, 1902, appellant moved with his family, including his wife and her children by a former husband, and one or two of his own by her, and prosecutrix and her brother, into Texas. They stopped about a month in Parker County, and the offense for which he was tried, as shown by this record, is alleged to have been committed by appellant on prosecutrix in Parker County some time during August. The testimony of prosecutrix shows that he had intercourse with her there, and, as far as we can judge from the record, this was the first time that appellant's private parts penetrated the private parts of prosecutrix. Appellant's wife was confined in Parker County, giving birth to a child. After this, about September, they moved to Johnson County, and lived there some time. A number of acts of ill treatment suggesting carnal intercourse or attempted carnal intercourse were shown to have been committed by appellant on prosecutrix in Johnson County. Prosecutrix and her brother were sent by appellant from here to West Virginia, their former home. They stayed there but a short time, not exceeding a month, and appellant is shown to have gone to West Virginia, and brought them back to Johnson County. Acts of ill treatment are shown to have been committed by him on prosecutrix in West Virginia; among other things, that she was forced to return with him from West Virginia to Texas. After prosecutrix came back to Johnson County, other acts of misconduct and ill treatment were shown by appellant toward prose-cutrix. Before this, however, it appears that his wife had separated from him, and prosecutrix's testimony tends to show that appellant, when they returned to Johnson County, proposed that she should live with him, and was in the act of fitting up a house with furniture when he was arrested. This is a sufficient statement of the case to present the questions of law that arose during the trial.

Appellant made a motion for continuance on account of the absence of his wife, who, it was alleged, at the time of the trial was in the Indian Territory; that when she left Texas she promised appellant to return to his trial, but at the time was too ill to travel. This is supported by an affidavit made by the brother of appellant. No process was served on Mrs. Ball prior to her leaving Texas; nor was any attempt made to take her depositions. It occurs to us that the application shows a lack of that diligence required by law that should have been exercised in order to secure the attendance of his wife. Ordinarily, a man might depend on his wife attending court, but in this particular case it appears appellant and his wife about the time of his arrest, or before his

arrest, had separated on account of some disagreement; and it would seem this would put him on notice of the necessity of using process to compel her attendance or take her depositions. But aside from the lack of diligence on the trial, it was made to appear that she was a very important witness, inasmuch as prosecutrix's testimony developed the fact that nearly all, if not quite all, of the ill treatment which she had received at the hands of appellant occurred in the presence or within the knowledge of Mrs. Ball, which rendered her a very material witness. We are inclined to the view that, under the circumstances of this case, a new trial should have been granted, in order to secure her attendance or her deposition.

By the first and second bills of exception appellant raises a question as to the admissibility of the testimony of prosecutrix, Myrtie Ball, and Felix Jones, showing misconduct and abuse by appellant of prosecutrix. This occurred in the town of Cleburne, Johnson County. The first bill also involves the misconduct of appellant toward prosecutrix in West Virginia, in forcing her to return to Texas with him. Both of said witnesses testified that in Johnson County appellant gave prosecutrix a severe beating; that he was under the influence of liquor at the time. Witness Jones interfered to prevent appellant from further injuring prosecutrix. The extent of her injuries were detailed by the witness Jones, and by another witness, Dr. Roark, who testified as an expert physician as to the character of injuries inflicted on the prosecutrix, which is presented in the third bill of exceptions. This ill treatment was not in the nature of an endeavor at the time to have carnal intercourse with prosecutrix, but simply showed an assault of violent character, made by appellant, who was drunk, evidently because prosecutrix had left the house which he was preparing for her to live in, and had gone to Mr. Crow's, at the wagon yard. All of this testimony was objected to on the ground that it was irrelevant and immaterial to any issue in the case, and because said acts were subsequent to the charge of rape, for which appellant was on trial. Appellant also, by a written instruction, requested the court to charge the jury not to consider any misconduct or assault made by appellant on prosecutrix subsequent to the alleged offense in Parker County as criminative evidence against defendant, which the court refused. However, the court instructed the jury that appellant was on trial for the offense committed in Parker County, and that the evidence as to acts of violence and threats other than the one charged in the indictment was offered for the purpose of showing whether or not the will of the said witness was subjugated to the will of defendant, and that they should consider the same for no other purpose. Without discussing the propriety of these charges, we will consider merely the admission of acts of misconduct by appellant toward prosecutrix subsequent to the alleged offense. This question was reviewed in Smith v. State, 68 S. W. Rep., 995, 5 Texas Ct. Rep., 372, and, after reviewing the authorities, we held that the acts in said case were not admissible. The acts which were there complained of were

subsequent, but more remote in point of time than those here suggested. It was pointed out in said case that the authorities authorized the introduction of evidence of subsequent acts in cases of incest and adultery, which were continuous offenses. Burnett v. State, 32 Texas Crim. Rep., 87; Wharton, Crim. Ev., sec. 35; Bishop, Stat. Crimes, sec. 682. It was further remarked in said case that we could find no authority extending this doctrine to cases of rape; but it was suggested, in that connection, that it was difficult to discriminate in principle between the admission of such evidence in cases of rape by consent, where prosecutrix was under age, and cases of incest and adultery. The only object of such testimony in either case was to shed light upon the main question at issue, which was as to the act of carnal intercourse between the parties. But inasmuch as the question is again presented, we have deemed it proper to again look into the authorities. We understand the State relies upon Sharp v. State, 15 Texas Crim. App., 171, as authorizing this character of evidence. We have examined that case, and, while we find appellant, in his brief, raises the question of subsequent acts, we do not find the court, in its opinion, treated that phase of the case, but merely decided the question as to the admission of prior acts. As stated heretofore, we can find no case of rape where subsequent acts have been held to be admissible. Under some of the authorities even prior acts of a similar character are held inadmissible. See People v. Tyler, 36 Cal., 572. But this is not the received doctrine. Sharp v. State, 15 Texas Crim. App., 171; People v. O'Sullivan (N. Y.), 10 N. E. Rep., 880, 58 Am. Rep., 530; 2 Bishop, Crim. Proc., 970; Smith v. State, 68 S. W. Rep., 995, 5 Texas Ct. Rep., 372. The subsequent acts here do not show carnal intercourse, but consist of acts of cruel conduct of appellant toward prosecutrix, and would tend to show that he was domineering and coercive, and capable of controlling her will power. A number of similar acts were proven prior to the alleged act of rape, but no objection was here made to such evidence; exception only being taken to subsequent acts indicating cruel treatment on the part of appellant toward prosecutrix. We held that such subsequent acts were not admissible. Rape is not a continuous act. But when the act of carnal intercourse is proven by force, as is contained in one count in the indictment, the offense is complete; or when the offense of carnal intercourse is proven with the consent of prosecutrix, where she is under 15 years of age, the offense is clearly complete, and the proof of subsequent acts of rape would be a distinct offense; and the same might be said of an assault. And such distinct offenses, subsequent to the act complained of, while not admissible as evidence, would serve the purpose of inflaming the minds of the jury against appellant, and of aggravating his punishment. It was accordingly error on the part of the court to admit such subsequent acts.

It is not necessary to discuss other assignments of error. But for the errors pointed out the judgment is reversed, and the cause remanded.

*Reversed and remanded.*