### WILLIAM CLIFTON v. THE STATE.

#### No. 2896. Decided March 23, 1904.

**1.—Incest—Accomplice, What Constitutes—Charge of Court.**

The court having left to the jury the question as to whether prosecutrix was an accomplice in the crime of incest with defendant, should have charged that if she did not oppose the act of carnal intercourse, she would be an accomplice, and not that she must enter into it with the same desire defendant did.

**2.—Charge of Court—Practice.**

It is safer practice, where the facts are unquestioned as to the relation of the witness to the crime as an accomplice, to so inform the jury, so as to avoid that question before the jury.

**3.—Evidence—Other Acts of Intercourse.**

It is error to permit in evidence other acts of intercourse in incest cases, as well as rape cases; they are not continuous offenses, and each act of incestuous intercourse constitutes a different offense. Overruling Burnett v. State, 32 Texas Crim. Rep., 86. Following Ball v. State, 72 S. W. Rep., 384: Smith v. State, 72 S. W. Rep., 401; Barnett v. State, Id., 399.

**4.—Evidence—Act of Others Not Admissible.**

It was error to permit the State to show by the sheriff that he had process issued for the sister of the prosecutrix, who could not be found, and who, the record shows, the prosecutrix said was in bed with her at the time of the incestuous intercourse with defendant.

**5.—Same—Defendant Not Required to Issue Process.**

It was error to permit the State to show that defendant had not made application for process for prosecutrix's sister, who, the evidence discloses, was in bed with the former at the time of the alleged incestuous intercourse; she being a necessary State's witness and the State having applied for process. Nor was it a criminative act for defendant not to ask for process for such witnesses.

Appeal from the District Court of Milam. Tried below before Hon. J. C. Scott.

Appeal from a conviction of incest; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*R. Lyles* and *Moore, Hearrell & Moore,* for appellant.—It being clear from prosecuting witness' testimony that she was an accomplice, and she having testified that in the acts of copulation with the defendant she "did not enter into it for the same purpose he did, was not desirous and willing for it," and "was under his influence and control," and "did it only as a duty," it was error for the court to give a charge defining accomplice in which was incorporated the following instruction: "Now if you believe from the evidence in this case that the witness Josie Clifton, * * * did voluntarily, and with the same intent which actuated the defendant, unite with him in the alleged commission of the offense," etc. Tate v. State, 8 Texas Ct. Rep., 739; Caesar v. State, 29 S. W. Rep., 785; Dodson v. State, 24 Texas Crim. App., 514; Ratliff v. State, 60 S. W. Rep., 696.

When all the facts essential in law to make one an accomplice are admitted and are uncontroverted, the question is for the court and not an issue for the jury; and the court should instruct the jury straight out that such witness is an accomplice. 1 Enc. of Ev., 111; Carr v. State, 28 Ore., 389, 42 Pac. Rep., 215; People v. Sternbery (Cal.), 43 Pac. Rep., 198; Armstrong v. State, 26 S. W. Rep., 829; Sessions v. State, 37 Texas Crim. Rep., 58; Wilkerson v. State, 57 S. W. Rep., 964; Tate v. State, 8 Texas Crim. App., 739.

Defendant having been indicted for the crime of incest in four cases then pending, evidences of such crimes was not admissible in this case. Ball v. State, 72 S. W. Rep., 384; Smith v. State, 73 S. W. Rep., 401; Barrett v. State, 73 S. W. Rep., 399; Hackney v. State, 74 S. W. Rep., 554.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of different acts of intercourse: Burnett v. State, 32 Texas Crim. Rep., 86.

Appellant insists that the court was in error in not giving his requested charges, and in not peremptorily instructing the jury that prosecutrix was an accomplice. In this the court was not in error. It was an issue to be settled by the jury under proper instructions as to whether or not prosecutrix was an accomplice. Even if it be admitted that she was an accomplice, then it was not error for the court to fail to so instruct the jury. White v. State, 30 Texas Crim. App., 652; Elizando v. State, 31 Texas Crim. Rep., 237.

DAVIDSON, PRESIDING JUDGE.—This is a conviction of incest, the punishment assessed being confinement in the penitentiary for a term

of five years. The prosecutrix is the niece and stepdaughter of appellant. With reference to the attitude of the prosecutrix as an accomplice, the court left it as a matter of fact to be determined by the jury; and the criterion upon which it turned under the charge was if she entered into the sexual intercourse with the same intent which actuated defendant, she would be an accomplice. This she denied, and affirmed that she did not do so. On this point she testified: "I did not enter into it for the same purpose he did. I was not desirous and willing for it. I just felt I was under his influence and whatever he would do would be all right, until I began to really find out the wrong of it. I was under his influence and control. That continued every week or two along that way up to January of this year. * * * Speaking of his fondling me when I was quite young with his hand. * * * That was changed to another method when I was about 13, or 14 or 12. Then he would perform carnal intercourse. Sometimes it would be once or twice a week. I am 20 years old. I have a good common school education, and I have clerked in two stores." It is contended that the criterion given by the charge is entirely too restrictive, and not correct under the circumstances of this case; and appellant cites in support of this proposition Tate v. State, 8 Texas Ct. Rep., 739; Caesar v. State, 29 S. W. Rep., 785; Dodson v. State, 24 Texas Crim. App., 514; Ratliff v. State, 60 S. W. Rep., 696. These cases are authority for the statement that the prosecutrix was an accomplice. The facts in each of those cases, except the Tate case, were stronger in favor of prosecutrix not being an accomplice than in this case. The Tate case is very similar to this case. It was held in the Tate case, under the circumstances developed on that trial, that the charge here .complained of was too restrictive. Prosecutrix denies that she engaged in the sexual intercourse with the same purpose and intent; that she was neither desirous nor willing to it; that she did so because she was under his influence, and whatever he did would be all right. Now, the jury evidently understood from the charge that unless she engaged in the intercourse with the same desire as did appellant, she would not be an accomplice. This is not the true criterion under the facts of this case. If she submitted to his embraces, as she says at intervals for a considerable period of time and kept silent, she would nevertheless be an accomplice, although she did not willingly enter into it with the same desire as did appellant; that she did so is apparent not only from what has already been said but from other portions of her testimony. She says: "I never made any complaint to my mother or anyone else about Clifton's intercourse with me. Before I went to Breckenridge I did deny to my mother that I had missed my period at that time. Mother and I talked about it. She got some medicine for me for it. She asked me then whether or not I had been guilty of an imprudent act of this kind. I denied it to her. I just said nobody had done so. I did say no man has ever touched me. But I wanted to protect him. I told her I never had connection with

anybody, to shield him, and keep our home together. * * * He did become willing for me to have company this year, since the latter part of January; it was along in the spring. When this occurred in January he never attempted to have intercourse with me after that. What caused him to stop was that I had made up my mind that I would not allow it any more. · I did not say anything to him. We just had hard feelings after that. The reason there was no more of it was I just simply would not allow it." These extracts are copied simply to demonstrate that she was an accomplice. Under the facts, the court should have gone further in the charge and informed the jury, if in fact she did not enter into it with the same desire, intent and purpose as did appellant, yet if these matters occurred as she testified, and she remained silent, this would constitute her an accomplice. If she did not oppose the act she would be an accomplice. We are not laying down a form of charge. In fact, as stated in some of the cited cases, the court instructed the jury, that the witness was an accomplice. It has always been held to be the safer practice, where the facts are unquestioned as to the relation of the witness to the crime as an accomplice, to so inform the jury. Where this occurs, there is no question for the jury to solve. The law constitutes the witness under such circumstances an accomplice, and there must be the necessary corroboration. Upon the motion for new trial the court would have no option but to hold her an accomplice; nor would this court on appeal. That under this character of case the court should have instructed the jury that she was an accomplice. See Sessions v. State, 37 Texas Crim. Rep., 58; Armstrong v. State, 26 S. W. Rep., 829; Wilkerson v. State, 57 S. W. Rep., 964; Tate v. State, 8 Texas Ct. Rep., 739.

While prosecuting witness was testifying, she stated that appellant had sexual intercourse with her about the 10th of November, 1902. She was then permitted to further testify that the last act was about the middle of January, 1903, with intervening acts. Various objections were urged to the introduction of the subsequent acts, among others, that there were other pending indictments charging incest between appellant and herself, numbered 7129, 7130, 7131, and 7132 on the docket of the District Court of Milam County. This is shown as a matter of fact, and the indictments are made a part of the bill of exceptions. Testimony of the same character was also admitted, as shown by another bill of exceptions. She was also permitted to testify that appellant had slapped her in the mouth and hit her once or twice with his fist; and that had no connection with the acts of sexual intercourse between them. It would arise about other conduct of hers with which he found fault. She was also permitted to testify that she quit home and boarded at Mrs. Arnold's, because appellant forbid her going to the store and working at night, informing her if she did she could not return home; and that this was in no way connected with these acts of sexual intercourse. All this testimony should have been excluded.

Ball v. State, 72 S. W. Rep., 384; Smith v. State, 73 S. W. Rep., 401; Barnett v. State, 73 S. W. Rep., 399. While the above were rape cases, the question involved is practically the same. There are no reasons which exist in regard to the admission of other acts of intercourse in rape that would not reasonably apply to the crime of incest. Incest is not a continuous offense; each act of incestuous intercourse constitutes a different offense. The State relies upon Burnett's case, 32 Texas Crim. Rep., 86. The opinion in that case is authority for the contention of the State. The cases cited supra are in conflict with Burnett's case, and therefore overrule it. Upon another trial this testimony should be rejected. These acts in no way tend to develop the res gestae, show intent, or connect defendant with the case on trial. The witness testifies definitely to the act of intercourse.

Prosecutrix testified that Una Clifton, her sister, was about seventeen years of age; and that during the month of November, and throughout all the time defendant had been copulating with her, Una Clifton slept in the same bed with her. The sheriff was then introduced and stated that he arrested appellant in Stephens County in September, 1903, and since said arrest he had held him in confinement in jail in Stephens and Milam counties. The State then asked the question: "Have you had process sued out for Una Clifton, as a witness in this case?" Appellant objected for various reasons, which were overruled; and the witness answered, "Yes, sir; I sent process for this witness to Dallas, Brown, and Runnels counties, and made one trip to Runnels County myself, and have used every means in my power to find Una Clifton, and produce her as a witness upon the trial of this cause, and have been wholly unable to find her." This testimony was clearly inadmissible. The acts and conduct of others can not be introduced against the accused, unless the accused has been in some way connected with such acts and conduct. See authorities collated in Burnett v. State and Lowden v. State, just decided.

The State was also permitted to prove by the district clerk, James Hooks, that defendant had never made application for a subpoena for Una Clifton or Mamie Clifton. This testimony should have been excluded. In fact, if this had been a question to be investigated, the bill shows that the State had issued process, and this would have been sufficient as to diligence by appellant on application for continuance. Appellant is not required to issue process for witnesses, unless he desired to do so; and it is not a criminative fact against him that he does not. It occurs to us that Una Clifton was a necessary witness in behalf of the State, if the testimony of the accomplice is true. Conviction could not be predicated upon her evidence alone, and she places Una Clifton in the same room and bed with her while the incestuous acts were being indulged. If Una Clifton was in the bed at the time of these incestuous acts, she must have had cognizance of the intercourse, and was a very material witness to corroborate her sister.

We do not enter into a discussion of the sufficiency of the evidence. The case may develop differently upon another trial. There are some other questions suggested for revision, which we deem unnecessary to discuss; but for the errors mentioned the judgment is reversed and the cause remanded.

*Reversed and remanded.*