HARRISON PITTS v. THE STATE.

No. 5321.   Decided March 5, 1919.

**Theft—Accomplice—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of theft, the State relied upon the testimony of two witnesses who claimed that they were innocent of any criminal intent but were paid by the defendant with some of the alleged stolen property, and it became a question of fact as to whether they were innocent agents or accomplices in the crime, and the court submitted this question to the jury, to which there was no objection, the conviction will not be set aside.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson, Judge.

Appeal for a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stanley Thompson*, for appellant.—On question of accomplice: Crawford v. State, 34 S. W. Rep., 927; Walker v. State, 37 id., 423.

*E. A. Berry*, Assistant Attorney General, for the State.

MORROW, JUDGE.—The prosecution is for theft. The theft of sacks was established by the owner. To connect appellant with it the State relied upon two negro boys, one eleven years of age, and the other's age not stated. These witnesses testified in substance that they were passing along the street in the evening about sundown, and the appellant who was at the warehouse offered them each a dollar to assist him in loading some sacks out of the warehouse on his wagon; that they undertook the enterprise and loaded the sacks and that after doing so the appellant instead of paying them the money delivered each of them ten or eleven sacks which they separately took to different dealers and sold. Each of them claimed in his testimony that he was innocent of any criminal intent on the part of the appellant—ignorant of the fact that the sacks were stolen. Their cross-examination developed facts that would have justified the conclusion that they were accomplices. However, we think the facts were not such, in view of their testimony that they knew nothing of the criminal purpose and believed that the appellant had a right to the sacks, as to make them accomplices as a matter of law. Whether they were accomplices or not, became an issue of fact. If the jury believed their statement that they were not aware that the sacks were stolen they were not accomplices, but innocent agents. If the jury believed that the circumstances overcame their testimony to the contrary and showed that they did have knowledge of the

crime, they would have been accomplices. The court submitted this question to the jury in a charge to which there was no objection and the verdict of guilty implies a decision by the jury that they were not accomplices. This finding of the jury on conflicting evidence is binding upon this court. It having been approved by the trial court, their testimony, if true, was sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*