## W. N. ANDERSON v. THE STATE.

### No. 5789.   Decided April 14, 1920.

**1.—Rape—Other Acts of Sexual Intercourse—Rules Stated.**

The appearance and condition of prosecutrix becomes material where there is a denial of the fact of carnal intercourse, and the testimony of physicians and experts is always admissible to show such facts and conditions, as render intercourse with someone likely; and in all the cases where evidence of other acts of carnal intercourse between the parties would tend to shed light upon the condition and facts testified to by the physician, such testimony of other acts of carnal intercourse between the parties is admissible.

**2.—Same—Evidence—Corroboration—Acts of Intimacy.**

Upon trial of rape upon a female under the age of consent there was no error in admitting testimony corroborative of the testimony of the prosecutrix, and showing acts of intimacy between the parties, and tending to rebut the testimony of defendant.   Distinguishing Ball v. State, 44 Texas Crim. Rep., 489.

**3.—Same—Evidence—Confession—Charge of Court.**

Where, upon trial of rape upon a female under the age of consent, the defendant objected to his alleged written confession, but the record showed that they were introduced under the requirements of the statutes; that the defendant admitted his effort to have carnal knowledge of prosecutrix but claims that the same were ineffectual, but the court admitted the confession, and in his charge fully instructed the jury as required under the statutes, there was no reversible error.

**4.—Same—Confessions—Assault to Rape—Statutes Construed.**

Where, upon trial of rape upon a female under the age of consent, defendant complained that his confession showed assault to rape and cannot be used against him to establish a charge of rape, the same is untenable, under Article 810, Vernon's C. C. P.

Appeal from the District Court of Smith.   Tried below before the Honorable J. R. Warren.

Appeal from a conviction of rape upon a female under the age of consent; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

*Gordon Simpson* and *Nat W. Brooks*, for the appellant.—On question of other acts of sexual intercourse: Henderson v. State, 93 S. W. Rep., 550; Shults v. State, 91 id., 786; Smith v. State, 68 id., 995, and cases cited in opinion.

On question of confession: Boyman v. State, 126 S. W. Rep., 1142.

On question of corroboration: James v. State, 161 S. W. Rep., 472.

*Alvin M. Owsley,* Assistant Attorney General for the State.—On question of other acts of sexual intercourse: Battles v. State, 63 Texas Crim. Rep., 174; Webb v. State, 80 id., 1; Hollingsworth v. State, 82 id., 337.

LATTIMORE, JUDGE.—This appellant was given a sentence of ninety-nine years in the penitentiary, in the District Court of Smith County, for the alleged offense of rape upon the person of a child admittedly under the age of consent.

The facts show that when the prosecutrix was a small child, her father and mother being dead, she was taken into the home of appellant, where she remained until after the offense giving rise to this prosecution, since which time, and up to the time of the trial, she seems to have been in the State Orphans' Home.

The main question presented before us for review, is the admission of testimony relative to other acts of intercourse between the parties, beside the one made the basis of this prosecution. It appears from the record that appellant was arrested on August 18, 1919, and the date of offense, as charged in the indictment, is August 5th, of that year. The facts leading up to the arrest, were that appellant and the little girl went down into a pasture not far from their home, on the day of the arrest, and were seen in said pasture, under a tree in a thick place, in such an attitude as to arouse the suspicion of the witness White, who said that appellant was fastening up the drawers or underclothes of the child. This situation was reported by White, and appellant was arrested. White took the deputy sheriff to the place where he claimed to have seen the parties, and this officer testified that he saw there the prints of a man's knees and toes on the ground, and tracks of the child's shoes. Upon the trial of the case, the prosecutrix testified that on that morning appellant attempted to have intercourse with her, but she said that the last complete act of intercourse between them prior to that time, was about two weeks before said arrest. She also testified, over the objection of the appellant, that at other times, prior to the one laid in the indictment, appellant had had intercourse with her. Examining the record, in order to make proper disposition of the objection of appellant to this evidence of extraneous crimes, we find that the physician who examined the child on the day appellant was arrested, stated that he found her private parts presenting every evidence of long continued use; that her hymen was absolutely gone, and her vagina enlarged so that it would readily admit the entrance of two fingers, and showed to have been penetrated. This witness also testified that there were no evidences of soreness, or recent abrasion, or trouble.

Turning to the testimony of appellant himself, we find that on cross-examination, he made substantial admissions of efforts on his part to penetrate the child, stating repeatedly that he did not get it in her; that he did not do it to her. He would not deny under oath

that he had tried to have intercourse with her, but said he might have done so. As we understand the rule of law in such cases, the appearance and condition of prosecutrix becomes material where there is a denial of the fact of intercourse, and the testimony of physicians and experts is always admissible to show such facts and conditions as render intercourse with some one likely; and in all the cases where evidence of other acts of intercourse between the parties would tend to shed light upon the condition and facts testified to by the physician, such testimony of other acts between them is admissible. The testimony of appellant himself, that he had had this child since she was small; that she called him 'papa;' that he knew of no reason why she should state any facts harmful to him; that no effort is made to show intimacy on her part with other persons than appellant, and his admission of efforts on his part to have intercourse with her; all these facts seem to us to make admissible the testimony of the prosecutrix that at other times and places than the 5th of August, appellant had had intercourse with her.

Appellant complains by two of his bills of exception of the admission of the testimony of Mr. White, to the effect that on the morning of the arrest, he saw appellant and the child down in the pasture, and saw appellant engaged in fastening up her drawers; also of the testimony of Mr. Lytle, the deputy sheriff, to the effect that he went to this place, and there saw evidences bearing out the situation as testified to by the witness White. The prosecutrix had testified without apparent objection, that on this day appellant attempted to have intercourse with her, and she further testified that all of his acts of intercourse with her in that neighborhood, took place down in this pasture, where he was in the habit of taking her. We think the evidence of Mr. White and Mr. Lytle was admissible as corroborative of the testimony of the prosecutrix, and as showing acts of intimacy between them, and as tending to rebut the testimony of the appellant. Testimony of subsequent acts, which was held inadmissible in Ball v. State, 44 Texas Crim. Rep., 489, 72 S. W. Rep., 384, cited by appellant, appear to be acts of ill-treatment and abuse of prosecutrix by the accused, which acts, the court in its opinion said, were not in the nature of an endeavor at the time to have carnal intercourse with the prosecutrix, but simply showed an assault of a violent character upon her, and were inadmissible.

There is a bill of exceptions to the admission of the alleged written confession, made by appellant after his arrest. The formal parts of said written statement, and the warning given, appear to be in substantial compliance with the requirements of the statute. It appears therefrom, that appellant admitted his efforts to have carnal knowledge of prosecutrix, but claimed that same were ineffectual. The trial court admitted the confession, and in his charge fully instructed the jury not to consider the same for any purpose, unless it was freely and voluntarily made, and was made after appellant was fully

warned, etc. We think the action of the trial court, in admitting this written statement, was correct, and in view of the testimony of the appellant, to the effect that he was not warned, and did not understand what he was saying, we think the trial court properly instructed the jury as he did regarding said confession.

Complaint of the fact that the confession only showed assault to rape, if any, and that it cannot be used against appellant to establish a charge of rape, seems without merit. We think the words of the statute, in Article 810, Vernon's C. C. P., to the effect that any statement made, may be used in evidence against the accused on his trial for the offense concerning which the confession was made, has reference to the substantive crime supposed to have been committed, and about which the statement is being made, and not the offense *co nomine* which may be thought to have been committed, or the offense which may be technically described in the alleged confession.

We have given this case our careful scrutiny, and having found no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*