### R. C. Gibson v. The State

No. 9888.  Delivered March 17, 1926.

**Theft—Requested Charge—On Accomplice—Erroneously Refused.**

Where, on a trial for theft, the state used those witnesses, all of whom had bought some of the stolen sugar, which was delivered to them by appellant in hundred pound sacks in the middle of the night, appellant not being a groceryman or one who sold sugar as a business, these facts were sufficient to raise the issue of accomplices as to such witness, and it was error for the trial court to refuse a requested charge by appellant submitting the issue to the jury.

Appeal from the District Court of DeWitt County. Tried below before the Hon. John M. Green, Judge.

Appeal from a conviction of theft, penalty five years in the penitentiary.

The opinion states the case.

*Bagby & Kacir* of Halletsville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in district court of DeWitt county of theft; punishment fixed at five years in the penitentiary.

Appellant was convicted of the theft of a number of sacks of sugar. By reason of aid furnished appellant in the disposition of said sugar three other parties were indicted for complicity in the sugar transaction. On the night after the alleged theft appellant, in company with one of the three parties above referred to, sold several sacks of the stolen sugar to Baker, Mendez and Sinclair. The sugar was delivered by appellant to said parties at a late hour in the night and under circumstances apparently well calculated to excite suspicion, if not create conviction of the fact that the sugar was not being handled in the usual and ordinary way that sugar is sold. The three men who bought these sacks of sugar were used as witnesses against appellant. He reserved an exception to the court's charge for not submitting to the jury the question as to whether said purchasers were accomplices, and presented to the court a special charge seeking to have the issue thus submitted.

We think the learned trial judge fell into error in not submitting this issue to the jury. The question of corroboration of the accomplices was necessarily a serious issue, and the state appears to have depended to some extent upon the testimony of said three purchasers to furnish corroboration of the men who aided appellant in the concealment and disposition of the sugar. Whether they were accomplices or not, under the facts of this case, would seem to be an issue for the jury and one which the court should not have undertaken to decide himself. Appellant was not in the grocery business and not ordinarily a seller of sugar. The delivery of sugar in one hundred pound sacks in the middle of the night would seem well calculated to make an ordinary man question the right of the seller, and the fact issue thus raised as to whether these men were accomplices would seem appropriate for decision only by the jury. Believing the trial court erred in this matter, the judgment will have to be reversed. This is practically the only question raised and insisted upon on the appeal.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*