R. L. ALEXANDER v. THE STATE.

No. 16570. Delivered February 28, 1934.
State's Rehearing Denied June 29, 1934.

626

The opinion states the case.

*T. C. Hutchings,* of Mt. Pleasant, and *Wilkinson & Wilkinson,* of Mt. Vernon, for appellant.

*John A. Cook,* Dist. Atty., of Mt. Pleasant, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of incest, and his punishment assessed at confinement in the State penitentiary for a term of 8 years.

The statement of facts in this case covers 104 pages and the transcript, which is very voluminous, contains 77 bills of exception, but we deem it unnecessary to consider each of these in detail. The testimony as adduced by the State, briefly stated, is a follows: Mollie Mae Alexander, the prosecuting witness in this case, is the granddaughter of the appellant, R. L. Alexander, and the daughter of Alvin Alexander, who is the son of the appellant. The prosecuting witness testified that her mother died some 12 years ago when the witness was about 6 years old. She had lived with her grandparents most of the time since the death of her mother. In 1931 she went to live with her father, who had remarried since the death of his wife, but returned to the home of her grandparents about the 17th day of June, 1932. On the first day of January, 1933, she and her grandfather were at the barn picking off peanuts at which time he had an act of intercourse with her. She said that she did not submit to that act of intercourse with him of her own free will. He told her if she did not do it he would blow her damned brains out. This happened in Titus County, Texas. She further testified that

she was 18 years of age on the 3rd day of January, 1933, about two days after the act of intercourse. She testified that she had been out at the barn with her grandfather about 15 minutes before the act of intercourse occurred; that there were some sacks with cotton seed in them and he asked her to lay down on the sacks and she told him she did not want to and he said, "You are anyway," and he shoved her over and said, "If you don't you will be sorry for it"; that he pulled her dress up and then unbuttoned his trousers and had intercourse with her. She asked him to quit but he did not do it. He put a cotton sack down on the floor for her to get on, the sack was not full of seed but had some seed in it. She said she had no trouble staying on the cotton seed. At the time that this intercourse occurred, there were six of them living in the home of her grandfather; they were her Uncle Prim, Uncle Robert, her grandfather and grandmother, her brother Eugene, and herself. All were grown except her brother who is 14 years old. There is no testimony in the record to show that the appellant at the time of the alleged act of intercourse had any gun or weapon with which to inflict any serious bodily injury upon her or blow her brains out. There is no testimony that the prosecuting witness resisted the act of intercourse. There is no testimony that her clothes were torn, that she made any outcry, or that she cried. She further testified that she never told anyone of this act of intercourse or her condition until about two weeks prior to the time that her grandfather was arrested, when she told her sister, Mrs. Garrison. Mr. Wilhite testified that he was in the drug business at Mount Pleasant and knew the defendant. Along some time in January or February the defendant came into his place of business and asked the witness if he had any silk sanitary sponges. The witness advised the defendant that he did not but the witness ordered some later and appellant bought some about two weeks later. He bought one. About two weeks later he came in and bought another but he didn't say what he wanted with them. Mr. Robert Montgomery testified that in March, 1933, he had a conversation with the defendant at which time defendant asked him if he knew anything that would produce an abortion. The witness told the defendant it would cost some money. There is also considerable testimony showing that the prosecutrix went with different young men and went with a certain young man to whom the appellant vigorously objected and asked her not to associate with said young man as he was not that character

of man with whom he would like to see her associate. The defendant reported prosecutrix's association with said young man to her father who at one time whipped her for it. The prosecutrix in her testimony did not complain of any mistreatment, coercion or domination on the part of the defendant except in this particular instance.

At the conclusion of all the testimony the appellant requested the court to instruct the jury to return a verdict of not guilty, which request was denied, and the appellant then requested the court to charge the jury as a matter of law that the prosecutrix was an accomplice and submitted a special requested instruction with reference thereto, which the court refused to give.

Incest is an offense against society in which both parties ordinarily engage with the same intent and purpose; hence both parties to the offense are principals and equally guilty. In determining whether force or threats are sufficient to take the prosecutrix out of the realm of an accomplice, her conduct at the time of the act as well as subsequent thereto, her age, physical strength, and all the surrounding circumstances must be taken into consideration. In the case under consideration, the prosecutrix is a strong, healthy young woman, eighteen years of age, while defendant is a man 65 years of age and in ill health. No force was employed, no physical resistance is shown, no outcry was made, and no complaint made to either of her two uncles who lived at the same home, or to her sisters, father or grandmother, until her appearance revealed her pregnancy.

We have examined the record carefully and have reached the conclusion that under the facts in this case the prosecutrix is an accomplice and the court should have so instructed the jury. In support of the views herein expressed we refer to the following authorities: Pate v. State, 93 S. W., 556; Dodson v. State, 24 Texas App., 518. In the case of Dodson v. State, supra, Judge Willson, speaking for this court, said: "Although the witness Rosa, with whom the incestuous intercourse is alleged to have been committed, states that she did not consent to the intercourse, it is very clear from her testimony that she made no serious, determined, or positive resistance to it." So, in this case, it is clear from the testimony of prosecutrix that she made no serious, determined, or positive resistance, and, therefore, under the rule announced in the Dodson case, supra, it was error for the court not to instruct the jury as a matter of law that the prosecutrix was

an accomplice.

There are numerous exceptions to the closing argument of the district attorney, which will doubtless not be repeated in the same form on another trial, and therefore it is unnecessary for us to discuss the same, except to say that the same appears to be rather prejudicial in its nature.

The appellant in due time filed his exceptions and objections to the court's charge, especially to paragraph 9 of said charge. We believe that under the peculiar facts the court should have reformed his charge in view of the objections addressed to the same so as not to have limited statements which the prosecutrix may have made to impeachment purposes only.

For the errors above discussed, it is our opinion that the judgment of the trial court should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—In its motion for rehearing the State strongly urges that we were wrong in holding it necessary to reverse the case because the trial court declined to charge the jury as a matter of law that prosecutrix was an accomplice. Authorities are cited in the motion. We have examined them with others and have concluded that this claim is well founded.

The court below submitted the question of the complicity of the girl to the jury in a manner favorable to appellant. After telling them that a conviction could not be had on the testimony of an accomplice unless corroborated, and defining an accomplice properly, the court charged as follows:

"Now bearing in mind the foregoing definition, if you believe from the evidence beyond a reasonable doubt that the defendant, R. L. Alexander, did on or about the 1st day of January, 1933, in Titus County, Texas, carnally know the said Mollie Mae Alexander as charged in the indictment, you will find him guilty of incest and assess his punishment at imprisonment in the penitentiary for not less than two nor more than ten years, and unless you so find beyond a reasonable

doubt you will acquit the defendant and say by your verdict not guilty. * * *

"You are further instructed that the witness Mollie Mae Alexander was not an accomplice if you find from the evidence that she did not consent to said carnal intercourse, but if you have a reasonable doubt whether she did consent to said act or did not oppose the same, then in such event she would be an accomplice.

"And you are further instructed that the witness Mollie Mae Alexander would be an accomplice, as that term is defined herein, unless she made resistance to the act."

Turning to the testimony, we find that prosecutrix was asked three different times about the facts bearing on this aspect of the case. She said in one place: "No sir, I did not submit to that intercourse with him of my own free will. He told me if I didn't do it, he would blow my damn brains out." In another place she testified: "He had some cotton sacks there with some seed in them, and he asked me to lay down, and I told him I didn't want to, and he said 'You will anyway,' and he shoved me and said 'If you don't, you will be sorroy of it.'" In another place she said: "Yes sir, he kindly pushed me over a little bit. Yes he laid the sack down and pushed me over a little bit. He just took his hand and pushed me over on my back."

There can be no debate upon the proposition that our law gives due and equal regard to threats and force as means of accomplishing certain crimes, one of them being the carnal knowledge of a female against her will. We have here then, to say the least, some testimony of the use of force and more as to the use of threats. The question before this court is,— did the trial court abuse his discretion in declining to hold that the witness was shown to be an accomplice as a matter of law; in other words, in declining to charge the jury that she did give her consent to the act of intercourse with appellant, and also in submitting the issue thus raised to the jury. Mr. Branch discusses this question in section 712 of his Annotated P. C. We quote: "When there is no doubt that the inculpatory witness is an accomplice, the court should charge the jury peremptorily that such witness is an accomplice." Many cases are cited. In the same section we find the following statement: "It is not always reversible error to leave it to the jury to determine whether a witness is an accomplice although such fact be apparent." More cases are cited. Again and still under the same section, the author says: "When it

is a question as to whether an inculpatory witness is an accomplice, it is proper to leave that issue to the jury, under instructions defining the term 'accomplice' and applying the law to the facts bearing upon that issue." Still more cases are cited, including White v. State, 30 Texas Crim. Rep., 652; Elizando v. State, 31 Texas Crim. Rep., 243; Williams v. State, 33 Texas Crim. Rep., 135. In Elizando v. State, supra, we said: "In cases where that fact is not admitted, or placed beyond doubt, it is not improper to submit such question under appropriate instructions, to the jury, to be determined by them. Zollicoffer v. State, 16 Texas App., 312; White v. State, 30 Texas Crim. App., 653."

In the case of Smith v. State, 89 Texas Crim. Rep., 145, Judge Morrow quotes with approval from Corpus Juris as follows: "Where the facts with respect to the partcipation of a witness in the crime for which defendant is on trial are clear and undisputed, it is for the court to determine whether or not he is an accomplice; but the question of accomplicity is one to be decided by the jury where, although there is evidence tending to connect the witness with the crime, the facts are disputed or *susceptible of different inferences*.

"Where the complicity of the witness is admitted, but the prosecution claims that he was merely a feigned accomplice acting with a view to the detection of the real criminals, it is for the jury to determine whether the witness was an actual or only a feigned accomplice."

In Wingo v. State, 85 Texas Crim. Rep., 118, where prosecutrix was the step-daughter of the accused, Judge Morrow uses the significant language as follows: "The prosecutrix testified that she engaged in the relation with appellant through fear he would harm her if she failed to do so, and to facts indicating that he took advantage of his relation to her to influence her to submit to him. She did consent, however, and kept silent. Under the evidence, whether she was an accomplice or not, was question of fact. Mercer v. State, 17 Texas App., 452; Dodson v. State, 24 Texas App., 514; Branch's Ann. P. C., sec. 1030; State v. Duff, 138 Am. St. Rep., 281, note."

See the following cases where the question was held properly submitted to the jury, there being some doubt on the part of the trial court evidently as to the propriety of assuming as a matter of law that such witness was an accomplice: Hines v. State, 27 Texas App., 104; O'Connor v. State, 28 Texas App., 288; Massey v. State, 29 Texas App., 159; Pace v. State,

58 Texas Crim. Rep., 90; Standfield v. State, 84 Texas Crim. Rep., 437; Pitts v. State, 85 Texas Crim. Rep., 3; Fitzgerald v. State, 87 Texas Crim. Rep., 34; Burgess v. State, 88 Texas Crim. Rep., 146; Ireland v. State, 100 Texas Crim. Rep., 496; Gibson v. State, 103 Texas Crim. Rep., 536; Brady v. State, 56 S. W. (2d) 879.

We have again examined Pate v. State, 93 S. W., 556, and Dodson v. State, 24 Texas App., 514. The Pate case was devoid of testimony of any threats or force, and was reversed upon an admittedly erroneous charge. The only evidence of force or threats in the Dodson case, supra, was the testimony of the girl, she saying "I did not consent to the act." This case was reversed solely on the insufficiency of the facts.

Having concluded that there was no error in the action of the trial court in submitting to the jury the issue of complicity of Mollie Mae Alexander, we have gone through the other matters complained of in the numerous bills of exception. All of the seventy-seven bills have received our consideration, but many of them are not deemed to call for any discussion.

Bill of exceptions 13 brings forward appellant's exception to the court's charge, as follows: "The defendant further objects and excepts to paragraph 8a of the court's charge because it is too restrictive on the defendant and should instruct the jury that the prosecutrix would be an accomplice unless she made resistance to the act and she would be an accomplice even though she may not have engaged in the act voluntarily and with the same intent as actuated the defendant."

Examining the charge itself, we note in paragraph 8a thereof the following: "And you are further instructed that the witness Mollie Mae Alexander would be an accomplice, as that term is defined herein, unless she made resistance to the act."

This meets part of appellant's exception. Manifestly it would have been erroneous, and grossly on the weight of the evidence, if the court had responded to the latter part of said exception and told the jury that said girl would be an accomplice even though she may not have engaged in the act voluntarily and with the same intent as actuated the defendant." A somewhat similar charge as that suggested by appellant's exception was condemned in Tate v. State, 77 S. W., 793; Clifton v. State, 79 S. W., 824, and Pate v. State, 93 S. W., 556.

Appellant's bill of exceptions 14 presents his exception to the charge as follows: "Same does not inform the jury that the prosecutrix would be an a accomplice if the incestuous

act was committed with her consent or that she did not oppose it," etc. Again looking at the charge, we note in paragraph 6 thereof the court told the jury that the girl would be an accomplice "If you have a reasonable doubt whether she did consent to said act or did not oppose the same," a charge more favorable than that suggested in appellant's exception.

We see no error in that part of the charge directing the jury to consider, as affecting the credibility of Miss Alexander, statements, if any made by her, contradictory of her testimony. In approving this bill the court certifies that he had no recollection of any such statements. The objection as made was that said charge was on the weight of evidence; gives undue prominence to outside statements; too restrictive in that said witness had made statements that should be limited to impeachment purposes. Such an objection sets out no statement made, was not sufficiently definite, and certainly could not be held by us to suggest reversible error.

There are many bills of exception complaining of argument of State's counsel. Six of said bills present in slightly different forms compaints directed at the same argument. To practically all of said bills appears the same qualification appended by the trial court. We set out the argument quoted in bill of exceptions 22 as follows: "Gentlemen of the Jury: You know Tom Wilkinson, Claude Hutchings and Judge Wilkinson all talked about only one act of intercourse. You know that prosecutrix testified that old man had been having intercourse with her for six months and they objected to it, and the court excluded it; but you heard her say it anyway."

It would seem idle for us to say that, when testimony is held inadmissible by the trial judge, it is improper for counsel in the case to base an argument on same and urge the jury to consider it. Counsel for the State seemed to recognize the fact that the testimony had been tendered and held inadmissible, but proceeded to urge, in effect, that the jury should consider same notwithstanding its rejection. As applicable to this bill, and the others presenting the same general objection, attention is called to Bergdorf v. State, 20 S. W. (2d) 778, and cases cited. In Smith v. State, 55 Texas Crim. Rep., 563, Judge Ramsey says: "It is error for counsel in argument to state facts not in evidence." See Tillery y. State, 24 Texas App., 251; Orman v. State, 24 Texas App., 495, and many others. Judge Ramsey further says in the Smith case, supra: "The reports of this court show how frequently we have been compelled to reverse cases for the improper argument of counsel

for the State. Why they will persist in such improper argument, it is difficult to conceive. We have no doubt in this case that counsel entertained the sincere conviction of appellant's guilt, and that his use of the vigorous language complained of was due to his zeal and founded in his fidelity to the interest of the State. But, however, much such zeal, and however much such fidelity should be applauded, counsel for the State should always remember that in every criminal case they are bound and committed by every suggestion of duty and by every obligation which can bind and affect them to confine their argument to a fair discussion of the law and the facts of each case."

From another bill of exceptions it appears that said State's attorney referred to the fact that appellant's wife had testified that he was sexually impotent. The attorney expressd to the jury his view regarding this testimony in the following language: "Gentlemen of the Jury: The defendant's wife testified that he was worn out sexually. No wonder. According to the prosecutrix's testimony, he had had something fresh for the past two years. He had found a new duck."

Appellant requested in writing that an instruction be given to the jury telling them not to consider said statement, which request was refused. That same was manifestly a statement to the jury that for the past two years appellant had been having carnal knowledge of prosecutrix, is apparent. In the condition of this record, said argument was erroneous.

Bill of exceptions 30 complains that in his argument the State's attorney said: "Gentlemen, that girl swore that old man had an act of intercourse with her at the crib on a sack of cotton seed, and they bring no witness here to deny that act."

This bill is qualified by the trial judge, who certifies that what was in fact said by the attorney in his argument was that the girl swore "That the old man had an act of intercourse with her at the crib on a sack of cotton seed, and that fact has not been impeached by any witness in the trial of this case." The gist of the complaint was that it was necessarily a reference to the failure of appellant to testify. Since the testimony of prosecutrix affirmed positively that no one was present save appellant and herself when the act took place,— we are unable to believe the argument not subject to the complaint, irrespective of whether the argument was as stated by the court in his qualification, or by appellant's counsel in the body of the bill.

Bill of exceptions 35 sets out that in the closing argument of State's counsel, in effect, he said that he had investigated the case personally, and took statements to ascertain the truth, and knew that the evidence showed appellant guilty. If such argument was meant to convey to the jury that the attorney knew as a result of his personal investigation that accused was guilty, it would be wrong; if it was meant to convey to the jury that outside statements had been taken to ascertain the truth, and that from same the attorney knew that the tesimony showed appellant's guilt, it was wrong.

Bill of exceptions 37 sets out that said State's attorney in his closing argument said as follows: "Gentlemen of the Jury: When Dr. F. O. Taylor mounts the witness stand he has an interest in the case, and I know it and you know it. He will do anything but the right thing and I know it because I know him and you do too."

Nothing in this record warrants the above, which appears to be not only stated as a matter within the personal knowledge of State's counsel but as being within the knowledge of the jurors. Of similar import is the complaint in bill of exceptions 77.

Bill of exceptions 38 sets out argument of State's counsel as follows: "That man Pruitt testified that he came from Dallas to testify for the defendant. That man Pruitt, who had two living wives and who left Mt. Pleasant under a shadow. I tried to show what that shadow was and they would not let me."

This record is wholly devoid of any testimony that the witness had two living wives, or that he left Mt. Pleasant under a shadow. The State offered to make such proof, but the court sustained the objection. The argument was manifestly improper.

If we understand this record, the defensive testimony was of such nature as to justify the State in proving the good reputation of prosecutrix, and we find no error in the many bills of exception bringing forward this complaint.

Matters involved in appellant's motion for new trial need not be discussed in view of our disposition of the case.

Being convinced that the arguments of State's counsel, above set out, were of such character as to necessarily call for a reversal of the case, and that our conclusion announced in the original opinion that the case should be reversed and the cause remanded, was correct,—while some conclusions

stated in our former opinion are changed, still the State's motion for rehearing will be overruled.

*Overruled.*

HAWKINS, JUDGE (CONCURRING).—The writer expresses some doubt upon the question whether under the record the jury should have been told that prosecutrix was an accomplice as a matter of law. As the record is understood it appears that the State was seeking to show other acts of intercourse between appellant and prosecutrix than the one upon which the prosecution was based, and appellant was equally insistent in preventing proof of such other acts; though successful in excluding such evidence, appellant urged that under the facts which were proven the prosecutrix was an accomplice witness as a matter of law. In overruling the State's motion for rehearing it is held that the trial court properly submitted the question to the jury as an issue of fact whether prosecutrix was an accomplice witness. It should be understood that such holding is necessarily based on what is found in the present record. If incestuous relations had been maintained between appellant and prosecutrix prior to the act upon which the prosecution is based, and upon another trial such fact should be shown, or from other developments in the evidence, it might become necessary for the court to instruct that prosecutrix was an accomplice witness as a matter of law under the authorities cited in our original opinion.