HERMAN O'REAR V. THE STATE.

No. 20792. Delivered January 31, 1940.

The opinion states the case.

*Reid & Reid,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.
The conviction is for possession of intoxicating liquor in

dry area; the punishment assessed is confinement in the county jail for 90 days.

There are two counts in the complaint and information. The first charged the unlawful possession of beer in dry area for the purpose of sale. The second count charged the unlawful sale of such beer to R. P. Boyd in dry area. The case was submitted on the first count only.

The State's testimony, briefly stated, shows that R. P. Boyd, accompanied by other officers of Taylor County, went to appellant's home armed with a search warrant to search for liquor. Boyd alone went up to the house and asked to purchase some beer, while the other officers remained in the automobile. Appellant went to the ice box, got two cans of beer, placed them in a paper bag and handed them to Boyd who paid him forty cents therefor. Boyd then signalled the other officers to come and a further search was made but it failed to reveal any other intoxicants. Appellant did not testify but offered his son, Warren, who stated that on his way home from Odessa on the day in question he had purchased six cans of beer. That he drank four of these and two of them he brought home and placed in the ice box. Thereafter Mr. Boyd came into the house, opened the ice box, took the two cans of beer and offered to pay for them, which payment appellant declined. He left the money on the mantle, remarking: "Take it or leave it as you like." Also living at appellant's home were two bachelors by the name of Ralph and appellant's two sons, one of whom was married.

Bill of exception number six reflects the following occurrence. While the constable of precinct No. 1 of Taylor County was testifying for the State, he stated that the Ralph brothers (who owned and jointly occupied the premises where appellant and his sons resided) had requested the witness to "clean up that mess out there." Appellant objected on the ground that this was hearsay and prejudicial. The objection was sustained and the jury orally instructed not to consider it for any purpose. Thereafter the County Attorney, in his closing argument to the jury commented upon the testimony of the constable as follows: "The evidence proves that there are two or three families living there. Chester lives there and the Ralph boys live there. Who had possession of this beer? Whose was it? I have got to prove to the jury whose beer it was, beyond a reasonable doubt. If they had one case or two cans, beer is beer; those Ralph boys drink and Mr. McQuary did not know they drank like they did, when they told him that the place where O'Rear handles beer is his own home, and they

wished the officers would clean it up. He (meaning one of the Ralph boys) told Mr. McQuary that when he talked to him about it, that he wished the officers would clean it up.* *"

To all of which appellant objected that it was prejudicial and that the hearsay testimony had been withdrawn 'from the jury. The court was requested to instruct the jury to disregard the argument, but he allowed the county attorney to continue along the same lines. We are of the opinion that this bill reflects reversible error. The testimony was purely hearsay and the court properly sustained appellant's objection therto when it was first offered, and withdrew it from the jury. Consequently it was highly improper for the county attorney in his closing argument to advert thereto and discuss it. The court, when appellant objected to the argument, told the county attorney to "go ahead." This accentuated the error, as it no doubt conveyed to the jury the idea that the court had changed his mind and that the evidence was admissible and they had a right to consider it. Had the court, over the objection of appellant, admitted it in the first instance, the same would probably have caused a reversal of the case, and when the court sanctioned a discussion thereof by the county attorney, the error was accentuated. See Alexander v. State, 72 S. W. (2d), 1080, 42 Tex. Juris. p. 251, (Sec. 192 et sec.).

We see no need in discussing any of the other matters complained of by appellant, as they might not arise again on another trial.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.