### Jim Paris v. The State.

#### No. 1195. Decided May 17, 1911.

**1.—Local Option—Insufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence failed to show any sale by the defendant, the conviction could not be sustained.

**2.—Same—Argument of Counsel.**

See opinion for improper argument of counsel.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—In this case the appellant was charged by information and complaint with the offense of making a sale of intoxicating liquors to some person unknown, prohibition being in effect in Johnson County, Texas.

After proving that prohibition was in effect in Johnson County, the only evidence adduced on the trial was the testimony of Mr. Russell, who testified as follows:

"My name is J. K. Russell. I am assistant county attorney of Johnson County, Texas, and was the assistant county attorney of Johnson County, Texas, on the 19th day of September, 1910. I know the defendant, Jim Paris, and saw him in the Bon Ton Restaurant in Cleburne, Johnson County, Texas, on the 19th day of

September, 1910. At the time that I saw him he was in a narrow hall in the back end of said Bon Ton Restaurant and was carrying a bucket of empty beer bottles and coming from the direction of a room in the back end of said restaurant. When the defendant saw me he started to run but did not run. He was some six or eight feet from the door of this room. I immediately went into the said room in the back end of said restaurant and saw four or five men in said room and some of these men were drinking beer out of bottles and some had bottles in their hands but I never saw them drink. This beer that these men were drinking was intoxicating liquor. When these men in said room saw me as I was entering said room they ran out of the room through several different doors. There were several doors in the room. I do not know how many. , I did not know any of these men. When these men ran out of the room I went on into the room and found in a hidden or secret closet made in the wall of the room so that the same could scarcely be detected several bottles of beer on ice.

"The above transaction occurred in the Bon Ton Restaurant, in the city of Cleburne, Johnson County; Texas, September 19, 1910. ."I never saw the defendant in said room nor in the presence of said men. I never saw any money passed by anyone. And I never saw the defendant receive any money or anything of value. I never heard the defendant speak to any of said men, nor any of said men speak to the defendant. I never drank any of said beer. They looked like ordinary bottles of beer. I do not know of my own knowledge whether the defendant was working in said restaurant or not. I had seen him around there several times. It is my understanding and information that Jake Looper was the manager and owner of the Bon Ton Restaurant. I did not know any of the men in the room at the time that I went in there and made no effort to find out their names because I did not know where to look. I never followed any of them. I had 'treed' this beer and stayed with it until I got help and took it to the county jail. No, I never had any search warrant when I went down to the Bon Ton Restaurant, but I got one before removing the beer to the county jail."

Under this state of facts, and this being all the evidence tending to show a sale, we feel impelled to hold it insufficient. Of course, the fact that he had empty beer bottles in his possession, and that men were drinking beer in another room, is a suspicious circumstance, but the witness says the place of business belonged to Jake Looper; that he never saw the defendant in the room where the beer drinking was going on, and did not know whether or not the defendant was working in that place. The fact that he had empty bottles and run when he saw Mr. Russell would not authorize a conviction.

By bill of exceptions No. 1 it is shown that the county attorney in his remarks to the jury said, among other things, "The defendant in this case never did a decent act in his life." This may have been

a fact within the knowledge of the county attorney, but as there was nothing in evidence upon which to base it, it was improper. A special charge was requested in regard to this matter, which should have been given.

The judgment is reversed and the cause remanded.

*Reversed and rendered.*