CHARLIE ROACH v. THE STATE.

No. 6349. Decided June 15, 1921.

1.—Gaming—Keeping Banking Table—Argument of Counsel.

Where, upon trial of gaming, by exhibiting a gaming table, etc., the prosecuting attorney departed from the domain of legitimate argument and undertook to supply testimony in his discourse to the jury, the same was reversible error.

2.—Same—Argument of Counsel—Punishment—Practice on Appeal.

Where it is impossible for this court to know to what extent the improper argument of the district attorney influenced the jury in arriving at their verdict, convicting defendant of a felony, this court will not speculate upon that proposition and reverse the judgment and remand the cause. Following Marshall v. State, 76 Texas Crim. Rep., 386, and other cases.

Appeal from the District Court of Bell. Tried below before the Honorable M. B. Blair.

Appeal from a conviction of exhibiting a gaming table; penalty, three years' imprisonment in the penitentiary.

The opinion states the case.

*Hally & Ferguson,* and *Evetts & White, Winbourne Pearce* and *A. L. Curtis,* for appellant.—On question of argument of counsel: Thompson v. State, 150 S. W. Rep., 181; Paris v. State, 137 id., 698; Black v. State, 183 id., 439; Wilson v. State, 194 id., 828.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for keeping and exhibiting a gaming table and bank for the purpose of gaming. Punishment was assessed at three years' confinement in the penitentiary.

In the disposition which it will be necessary to make of this case it is not necessary to set out the evidence. It was sufficient to support the conviction.

It is made to appear by a bill of exceptions that, while appellant was testifying in his own behalf, he was asked by the prosecuting attorney in regard to his employment, and further, if he was not living in a whore house, to which the appellant replied that he was not. During the argument of his counsel, reference was made to the questions and answers as shown by the bill of exceptions, and the attorney then stated to the jury that: "the conduct of the district attorney in making such inquiry showed the limit to which the State would go in this case to secure a conviction, and that the matters inquired about had nothing whatever to do with the guilt or innocence of the defendant in this case." In his closing argument the district attorney reverted to this same subject, and said: "These matters have a great deal to do with this case; that the fact that defendant lived in a whore house and that he had no regular employment, showed that he is the kind of a man who would be guilty of keeping and exhibiting a gaming table. You ought to convict this defendant who lives at a whore house, who never did an honest day's work in his life. Convict this whore-house gambler." The bill of exceptions shows that appellant's counsel objected to this argument on the part of the district attorney, and requested the court to instruct the jury to disregard the same, which the court declined to do.

The bill as presented shows that the district attorney undertook, by cross-examination of appellant himself, to show that he was living at a whore house. Appellant denied this. There is no testimony in the record from any other source which would indicate that it was true. The character of the appellant was not put in issue in any way, so far as the record discloses; in fact, the bill of exceptions shows as a

· fact that this was not done. The district attorney, having undertaken to develop this fact on cross-examination of appellant, and having failed, it was legitimate argument for appellant's counsel to refer to the matter and in reply thereto the district attorney undertakes to supply the failure in proof by stating in argument as a fact that the defendant did live at a whore house, and called upon the jury to convict this "whore-house gambler." Many complaints are made to this court of arguments of prosecuting officers, which complaints are trivial in their nature, and are frequently as to deductions and conclusions drawn by the attorneys. It is seldom that this court disturbs a conviction under those circumstances. But where the prosecuting officers depart from the domain of legitimate argument, and undertake to supply testimony in their discourse to the jury, it is going further than this court can sanction. It is regrettable that the prosecuting officers so frequently, in their zeal to secure a present conviction, overlook the fact that it is a barren victory if they inject into the case matters which are extraneous to the record, and compel this court to reverse the case.

The punishment of appellant was fixed at three years confinement in the penitentiary. It is impossible for this court to know to what extent the improper argument of the district attorney influenced that result, and under the showing made by the bill of exceptions this court will not speculate upon that proposition. Wilson v. State, 81 Texas Crim. Rep., 216, 194 S. W. Rep., 828; Marshall v. State, 76 Texas Crim. Rep., 386; Turner v. State, 39 Texas Crim. Rep., 329; Thompson v. State, 67 Texas Crim. Rep., 660, 150 S. W. Rep., 183; Paris v. State, 62 Texas Crim. Rep., 354, 137 S. W. Rep., 693; Patterson v. State, 60 S. W. Rep., 560; Stone v. State, 22 Texas Crim. App., 185, 2 S. W. Rep., 587; Stevens v. State, 70 Texas Crim. Rep., 565, 159 S. W. Rep, 505.

The other bills of exceptions will not be discussed as the matters presented therein will not likely occur upon another trial.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*