### WILL WALKER V. THE STATE.

No. 10448.  Delivered November 10, 1926.

**1.—Robbery—Evidence—General Reputation—Erroneously Admitted.**

Where, on a trial for robbery, the testimony of the state's main prosecuting witness was contradicted by the appellant, but no attack was made upon her reputation for truth and veracity, it was error to permit the state to prove that her general reputation for truth and veracity was good.  In some other way than as above referred to, the defense must have impeached the state witness sought to be supported by proof of her general reputation.  Following Brit v. State, 21 Tex. Crim. App. 221, and other cases cited.

**2.—Same—Argument of Counsel—Held, Reversible Error.**

Where, in his argument to the jury, state's attorney directs a violent personal attack of vituperative abuse on the appellant, such argument subverts the rule against the injection into the argument of the purely personal opinion of the prosecutor, and aside from a discussion of the testimony, that the accused is guilty, will necessitate the reversal of any case where such argument is indulged, as it was in the instant case.

Appeal from the District Court of Hunt County.  Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction of robbery, penalty ten years in the penitentiary.

The opinion states the case.

*L. L. James* of Greenville, for appellant.  On erroneous admission of general reputation of state's witness, appellant cites:

Jacob v. State, 59 S. W. 1111.

Payne v. State, 50 S. W. 363.

Thompson v. Heidenheimer, 40 S. W. 425.

Morrison v. State, 40 S. W. 591.

Murphy v. State, 40 S. W. 979.

Rushing v. State, 8 S. W. 807.

Bell v. State, 124 Ala. 94.

LATTIMORE, JUDGE.—Conviction in District Court of Hunt County of robbery, punishment ten years in the penitentiary.

Mary Murrell was the alleged injured party and testified that appellant, holding a pair of scissors in a threatening position, told her he wanted some money and if she did not give it to him he would kill her, and that he caught hold of her and had the scissors elevated above her head in a threatening position. She said that through fear of him' and because of his conduct she gave him $25 in money.· She further testified that appellant, who was a roomer at her house, then made her go to bed with him and spend the night in his bed.

Appellant testified in his own behalf, denying specifically the acts and conduct attributed to him by Mary Murrell, and asserted that she voluntarily gave him the money and occupied his bed. The state in rebuttal called a number of witnesses who testified, over objection, to the good reputation for truth and veracity of Mary Murrell. Appellant complains of this action of the court in bills of exception, reserving complaint in each instance. The learned trial judge fell into error in this regard. The mere fact that the defense testimony controverts that of the state does not authorize the state to bolster up its witness by proving her good reputation for truth and veracity. In some way other than as above referred to, the defense must have impeached the state witness sought to be supported. Brit v. State, 21 Tex. Crim. App. 221; McGrath v. State, 35 Tex. Crim. Rep. 423; Payne v. State, 40 Tex. Crim. Rep. 293. For other authorities see Sec. 184, Branch's Ann. P. C.

This court dislikes to express criticism of argument made on either side. In this case appellant complains by a number of bills of exception of argument made on behalf of the state. It is set out by the different bills of exception that the following language was used by the state's attorney:

"I would not take a complaint where I did not think the person was guilty. I never have taken a complaint where I questioned the testimony of the witness." And again: "I believe the defendant in this case ought to be sent to the penitentiary, for I believe he is a dangerous character." And further: "This defendant has been to the penitentiary once, and he is just homesick. He wants to go back home; and did you ever see a more suitable subject to send to the penitentiary? Just look at him, gentlemen, just look at that black stiff-legged brute; did you ever see a worse-looking animal in your life?" And further on: "Are you going to let James, this lawyer from Cooper, come down here and tell us how to run our courts down here in Hunt County, this lawyer that said all women were crooked?"

Comment on the part of this court is hardly necessary to make plain the objection that part of this argument subverts the rule against the injection into the argument of the purely personal opinion of the prosecutor, aside from discussion of testimony, that the accused is guilty; also that it evidences personal abuse of the helpless defendant who must sit and listen to personal invectives, having no remedy except to appeal to the trial court and eventually to this court.

For the errors pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*