**BEAUCHAMP et al. v. BEAU-
CHAMP et al.**

No. 2857.

Court of Civil Appeals of Texas.
Eastland.

April 13, 1951.

Rehearing Denied May 4, 1951.

T. R. Odell, Haskell, for appellants.

A. J. Smith, Jr., Anson, for appellees.

LONG, Justice.

J. W. Beauchamp, deceased, was married three times. There were children born to each of said marriages. All of the wives of J. W. Beauchamp are dead. This suit to partition a tract of land in Jones County was brought by the heirs of J. W. Beauchamp, deceased, and his first and second wives, against the heirs of J. W. Beauchamp and his third wife. It is undisputed

that the land was the community property of J. W. Beauchamp and his third wife. In the trial court the defendants claimed title to the property under the ten years statute of limitation. Vernon's Ann.Civ. St. art. 5510. The trial court, based upon a finding by the jury that the defendants had held peaceful and adverse possession of the property for a period of more than ten years, rendered judgment that the defendants recover title to and possession of the land involved. From this judgment the plaintiffs have appealed.

Plaintiffs filed a motion for an instructed verdict on the ground that plaintiffs and defendants were co-tenants and that defendants had failed to prove they had given notice to plaintiffs of any adverse holding by them against the plaintiffs on their plea of limitation. Plaintiffs assign as error the action of the trial court in overruling this motion for an instructed verdict.

■ Plaintiffs contend the evidence is undisputed that plaintiffs and defendants are heirs of J. W. Beauchamp, deceased, and co-tenants of the land involved in this suit and that the defendants failed to prove that they had given notice of any adverse holding by them against the plaintiffs in support of their plea of limitation. The plaintiffs and defendants were heirs of J. W. Beauchamp, deceased, and co-tenants of the land involved. This is undisputed. However, we believe the evidence, when viewed in its most favorable light, is sufficient to support a finding that plaintiffs had notice of the adverse holding of the land by the defendants.

A portion of the testimony is stipulated as follows:

"That the property involved in this suit was the community property of J. W. Beauchamp, who died intestate in December, 1911; and his wife, Orlena Beauchamp, (the third wife) who died intestate in January, 1923.

"That in January, 1923, the children of Orlena Beauchamp took possession of said property from and after that date until this date, and are still in possession of the property. That during said time from January, 1923 the children of Orlena Beauchamp cultivated, used and enjoyed the property and kept for themselves all rents and revenues therefrom.

"That from and after January, 1923, the children of Orlena Beauchamp paid all taxes due upon said property, out of the rents and revenues thereof, annually as such taxes became due and before delinquency, and that the children of the first and second Mrs. Beauchamp (the appellants herein) paid none of said taxes during said period, and have received no rents nor revenues from the property at any time, especially not since January, 1923."

It will be seen from the above stipulations that the defendants took possession of the land involved in January, 1923 and thereafter cultivated, used and enjoyed the property and kept all rents and revenues derived therefrom. Furthermore, that said defendants paid all taxes due upon the land out of the rents and revenues annually as the taxes became due and before delinquency and that the plaintiffs paid none of said taxes and received no rents nor revenues from said property. W. L. Beauchamp, one of the plaintiffs, testified as follows:

"Q. You haven't received any rents since 1911? A. I haven't received any rents at all; never have received any at all.

"Q. These parties that are named defendants in this lawsuit have been claiming the property, and that is the purpose of this lawsuit; is that right? A. Yes; that's it; that's it; They have claimed the property, of course.

"Q. Since your father's death in 1911? A. Yes.

"Q. And you have known it that long. It has been common knowledge? A. Of course, they have been working the place."

Mrs. J. W. Carmichael and Mrs. Florence Brooks, plaintiffs, gave similar evidence.

There were seven children born to J. W. Beauchamp and his third wife. The record shows that I. M. Beauchamp, one of the sons of the third wife, conveyed to P. H. Beauchamp his interest in the land and described such interest as being an undivided one-seventh interest therein. This deed

was dated October 2, 1925 and filed for record in the County Clerk's office of Jones County on October 3, 1925, and was thereafter on October 5, 1925, duly recorded in the Deed Records of Jones County. A similar conveyance from one of the heirs of the third wife was recorded in the deed records of said county in October, 1925. There is no evidence that the plaintiffs asserted claim to the land at any time. Part of them, at least, visited the land and were in the homes of some of the defendants but they laid no claim to the land. We believe the facts and circumstances in this case are sufficient to show that notice had been brought home to the plaintiffs of defendants' adverse claim to the land. The case of Moore v. Knight, 127 Tex. 610, 94 S.W. 2d 1137, 1139, by the Commission of Appeals, is somewhat similar to our case here. Judge German, in writing the opinion for the court said:

"The only question for decision is this: The adverse possession of defendants being indisputably sufficient to give title by limitation, were the acts of defendants in the assertion of their claim of such unequivocal notoriety, under all of the circumstances, that the jury might reasonably presume that plaintiffs had notice of such adverse claim, and that it was hostile to their interest?

"We think the finding of the jury was fully justified by the proof. It is hardly necessary to reiterate what has often been stated by the courts. It is not necessary that actual notice of an adverse holding and disseizin be brought home to a cotenant. Such notice may be constructive, and will be presumed to have been brought home to the cotenant when the adverse occupancy and claim of title is so long-continued, open, notorious, exclusive, and inconsistent with the existence of title in others, except the occupant, that the law will raise the inference of notice to the cotenant out of possession; or the jury may rightfully presume such notice." See also Kouri v. Kelton, Tex.Civ.App., 178 S.W.2d 712; Illg v. Garcia, 92 Tex. 251, 47 S.W. 717; Seibert v. Markham, Tex.Civ.App., 116 S.W.2d 501; Payne v. Price, Tex.Civ.App., 203 S.W.2d 544.

■ The evidence is sufficient to sustain the jury finding of adverse possession by defendants. The court did not err in overruling the motion for an instructed verdict.

Plaintiffs requested the court to submit to the jury the following special issues:

"Do you find from a preponderance of the evidence that the heirs of J. W. Beauchamp by his third wife did any act to show adverse possession beyond the mere possession of said premises, cultivating and using same as their own and appropriating the rents and revenues to their own use?

"Do you find from a preponderance of the evidence that the heirs of J. W. Beauchamp by his third wife have had and held peaceable and 'adverse possession' as herein defined, of the land involved in this case for a continuous period of ten consecutive years after notice was given to the heirs of J. W. Beauchamp by his first and second wives, either actual notice or by some use of said premises, other than the mere cultivation and occupancy of same and appropriating the proceeds to their own benefit?"

■ The court refused to submit these issues and the plaintiffs assign this as error. The court, after defining adverse possession, inquired of the jury whether the defendants had held both peaceful and adverse possession of the land involved in this case, cultivating, using and enjoying the same for a continuous period of ten consecutive years before October 27, 1948, and submitted other special issues along the same line as applied to the facts in this case. We believe the court submitted the ultimate issues of fact. In submitting the ten years statute of limitation, it is permissible for the court to give explanatory instructions rather than submitting numerous additional special issues. Rule 277, Texas Rules of Civil Procedure; Viduarri v. Bruni, Tex.Civ.App., 179 S.W.2d 818, Writ Ref. The issues requested are different shades or phases of the issues submitted to the jury. The court properly submitted the controlling issues raised by the pleadings and evidence and did not err in refusing the requested issues. Rule 279, R.C.P.

The court gave the following charge on the question of adverse possession: "(B) By 'Adverse Possession' is meant an actual and visible appropriation of the land in controversy, commenced and continued under a claim of right inconsistent with and hostile to the claim of the heirs of J. W. Beauchamp by his first and second wives; and such as that the heirs of J. W. Beauchamp by his first and second wives and their predecessors in title, had either actual notice of such adverse claim by the heirs of the said J. W. Beauchamp by his third wife to the land involved, or that such adverse possession by the heirs of J. W. Beauchamp by his third wife was so open, notorious or unequivocal as would put a person of ordinary care and prudence in the same situation as the said heirs of J. W. Beauchamp by his first and second wives and their predecessors in title were, and under the facts and circumstances in this case, upon notice that the heirs of the said J. W. Beauchamp by his third wife were claiming all title to said land as their own, whereby the said heirs of J. W. Beauchamp by his first and second wives and their predecessors in title would be presumed to have notice of such adverse claim, if any, on the part of the heirs of the said J. W. Beauchamp by his third wife."

■ We believe this charge properly brought to the attention of the jury the question of notice of adverse possession under the facts in this case.

Plaintiffs further contend that the court did not give a correct definition of adverse possession. They excepted to the definition as follows: "The said charge of the court is too limited and is insufficient to present the exact issues in this case. It does not apply the law to the specific facts in the case. No where in said instructions does the court instruct the jury that the possession of one co-tenant is the possession of all. That neither holds adverse to the other, until the notice is brought to the co-tenants out of possession that the co-tenants in possession are holding adverse to the co-tenants out of possession. The court no where instructs the jury that the use, cultivation, appropriations of the proceeds of the land in question by the co-tenants in possession is insufficient to give notice of adverse possession to the co-tenants not in possession."

■■ We approve the definition given by the court. We believe it contains a correct statement of the law as applied to the facts in this case. The objections made by the plaintiffs when properly analyzed are more in the nature of requests for additional instructions rather than objections to the court's charge. It will be noted that plaintiffs complained because the court did not instruct the jury that the possession of one co-tenant is the possession of all. Also, that one co-tenant does not hold adversely to the other until notice is brought home to the co-tenants out of possession that the co-tenants in possession are holding adversely to the co-tenants out of possession. Further, that the court did not instruct the jury that the use, cultivation, appropriation of the land in question by the co-tenants in possession is insufficient to give notice of adverse possession to the co-tenants not in possession. These were additional instructions which the plaintiffs thought would be beneficial to them. It was their duty, under rule 279, R.C.P. to tender substantially correct instructions embracing the desired instruction. Filing exceptions to the charge was not sufficient to raise the point. Harrison v. Southwest Coaches, Inc., Tex.Civ.App., 207 S.W.2d 159; Great American Indemnity Co. v. Sams, 142 Tex. 121, 176 S.W.2d 312.

■ The plaintiffs requested the court to submit an issue to the jury inquiring whether the plaintiffs and defendants were co-tenants of the land involved. This is undisputed. It is never necessary for the court to submit an issue unless there is conflict in the evidence on that question.

We believe the court fairly submitted all issues of fact raised by the pleadings and evidence and gave proper and correct instructions as to the law applicable thereto. The jury having answered these issues adversely to plaintiffs and its findings having support in the evidence, it becomes our duty to affirm the judgment of the trial court.

The judgment is affirmed.