OSCAR J. ALFORD V. STATE.

No. 26,453.   May 20, 1953.
State's Motion for Rehearing Denied (Without
Written Opinion) June 24, 1953.

*Harkness & Friedman*, Texarkana, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, twenty years.

In view of our disposition of this cause, a recitation of the facts will not be necessary, other than to say that the state had no witnesses to the homicide and all who were present at the time testified for the appellant. The appellant's defense was that of accident.

Appellant's Bills of Exception Nos. 3, 4, 5, and 6 relate to argument and conduct of the district attorney. Each of these bills was qualified by the trial court, in which the court gave a different version of the argument; such qualification was ex-

cepted to by appellant, and following such exception we find attached a certificate of four bystanders, stating that the matters set forth in the bill are correct.

The court then prepared his Bill of Exception No. 1, which he says reflects the true situation as to the argument complained of in all of appellant's bills thereto.

The appellant then prepared and filed affidavits of four bystanders in which they detail the argument made just as was done in appellant's bills.

The state did not undertake to contest the bystanders' bill or the bystanders' affidavits which supplement the bills by filing controverting affidavits.

Therefore, the bystanders' bill and the affidavits of the bystanders are binding upon this court. Tadlock v. State, 139 Tex. Cr. R. 316, 139 S. W. 2d 796, and Louis v. State, 150 Tex. Cr. R. 488, 202 S. W. 2d 679.

From the affidavits, we find that the district attorney, during his closing argument, told the jury: "I and the other officers decided that he was guilty and had shot her down like a dog. The grand jury thought he was guilty," and while making such statement waved the indictment at the jury.

The bills which the affidavits of the bystanders support recite that appellant objected on the ground that the argument was prejudicial and inflammatory and that the district attorney was outside the record and that appellant's counsel requested the court to instruct the jury not to consider the remarks of the district attorney. The bill further recites that the complained-of remarks were not provoked or invited by argument of appellant's counsel and that there was no evidence to support the argument; that the objection was overruled, the request denied, and appellant excepted.

This argument was obviously improper and cannot be said to have been in reply to the argument of appellant's counsel set forth in the affidavits and in the bystanders' bill.

In Alexander v. State, 126 Tex. Cr. Rep. 625, 72 S. W. 2d 1080, we said:

"Bill of exceptions 35 sets out that in the closing argument

of state's counsel, in effect, he said that he had investigated the case personally, and took statements to ascertain the truth, and knew that the evidence showed appellant guilty. If such argument was meant to convey to the jury that the attorney knew as a result of his personal investigation that accused was guilty, it would be wrong; if it was meant to convey to the jury that outside statements had been taken to ascertain the truth, and that from same the attorney knew that the testimony showed appellant's guilt, it was wrong."

In view of the facts of this case, we conclude that our holding in the Alexander case is controlling here and calls for a reversal of this cause.

The judgment is reversed and the cause remanded.