## Cecil Couch Hickerson v. State

No. 27,914. February 1, 1956.

*Calloway Huffaker* and *Harold Green*, Tahoka, for appellant.

*George E. Gilkerson*, County Attorney, *William J. Gillespie* and *Gene S. Cobb*, Assistants County Attorney, Lubbock, and *Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This conviction is for the drunken driving of a motor vehicle upon a public highway; the punishment, thirty days in jail and a fine of $250.

Upon a former trial, that conviction was reversed and remanded by this court (Hickerson v. State, 161 Tex. Cr. R. 140, 275 S. W. 2d 801).

In that case there was a sharp dispute under the facts as to appellant's intoxication.

According to the testimony of two highway patrolmen, appellant, while driving an automobile in an erratic manner passed them upon a public highway. Each of the officers expressed the opinion that appellant was intoxicated when they stopped him, found beer in his car, observed him walk, and noticed the odor of beer on his breath.

It was shown that a specimen of appellant's blood, which was obtained with his consent, contained an alcoholic concentration of 1.9 milligrams per cubic centimeter. Proof was of-

fered that any person having such concentration of alcohol in his blood would be intoxicated.

Appellant admitted that he was driving a car upon a public highway at the time in question and that he had drunk some beer during the day but denied being intoxicated. He offered several witnesses who had seen and observed him shortly before and after his arrest, and each expressed the opinion that he was not intoxicated.

Reliance for a reversal is based upon alleged harmful and prejudicial argument.

By a proper bill of exception it is shown that in closing argument, state's counsel made the following statement:

"Now, gentlemen, this case happened a long time ago and I want you to know, each and every one of you, that I am just as interested as your County Attorney in protecting the rights of the innocent that are tried in this Court as any defense lawyer, as any judge or anybody else, and I most certainly do not want any conscious (sic) to go through the years that I have prosecuted an innocent man, and certainly after three years had passed or two years, I am still trying this case today. *That is what I think of that.*" (Emphasis, supplied.)

The objection to such argument was that it expressed the personal opinion and belief of the county attorney and invaded the province of the jury. The objection was sustained and the jury instructed not to consider said argument, but a request for a mistrial was denied.

Nothwithstanding the trial court's action in sustaining the objection to the argument and withholding it from the jury's consideration, state's counsel immediately continued his argument and stated to the jury:

"And so today, even though the time is long since this happened, we are still in here and we are still bringing witnesses from Austin to try to stick this man here in the courtroom today. What do you think about that? What do you think about that?"

The bill of exception recites that, further in the argument, state's counsel stated to the jury:

"Why in the world would we be trying this case today, some-time after it happened? Why would I stand behind these gentle-men up here, these officers on the witness stand if there was one slight tinkle in my mind that they were lying to you? You know I *W*ouldn't."

Appellant's objections to that argument, for practically the same reasons as those sustained to the previous argument, was overruled.

Following the court's ruling, counsel further continued his argument to the jury, as follows:

"All of those officers, that is their duty, myself, George, the Court, it is our duty to come in here and present these cases to you, to bring in all the evidence that we can. Do you think that for one minute that I or anybody that I am associated with is going to frame a case against a man? We have got too many of them on the docket and you know it. We are not going to do any such *of a* thing and you know it, gentlemen . . .

"And Calloway would have you believe that this boy was subject to some sort of collusion and that he would deliberately lie or fabricate a result of a chemical analysis for the purpose of sticking this man today. He is just not that interested in this gentlemen and you know it. *And I certainly would not be a single party to it if I even suspected it, and you know it.*"

The same objection as to the previous argument was over-ruled.

The bill of exception, setting forth the above arguments and objections and ruling relative thereto, was approved by the trial court without qualification.

Looking to the several statements as an over-all picture, we are compelled to come to the conclusion that state's counsel, as effectually as if he, himself, had testified to such facts from the witness stand, was getting before the jury his personal opinion that the appellant was guilty, that the witnesses for the state were telling the truth, and that the witnesses for the appellant were not telling the truth. Moreover, the arguments are also sus-ceptible of the construction that state's counsel was attesting the reputation and veracity of the state's witnesses as well as their being law abiding.

There is nothing in this record by which it can be said that the arguments were justified or legitimate, under the circumstances.

In Roach v. State, 89 Tex. Cr. Rep. 553, 232 S. W. 504, where there was before us the propriety of argument of state's counsel, we held as follows:

"Many complaints are made to this court of arguments of prosecuting officers, which complaints are trivial in their nature and are frequently as to deductions and conclusions drawn by the attorneys. It is seldom that this court disturbs a conviction under those circumstances. But where the prosecuting officers depart from the domain of legitimate argument, and undertake to supply testimony in their discourse to the jury, it is going further than this court can sanction. It is regrettable that prosecuting officers so frequently in their zeal to secure a present conviction, overlook the fact that it is a barren victory, if they inject into the case matters which are extraneous to the record, and compel this court to reverse the case."

We are constrained to conclude that the instant case falls within the observation expressed and that the arguments complained of were not justified or legitimate but improper and prejudicial. As supporting this conclusion, see: Parroccini v. State, 90 Tex. Cr. R. 320, 234 S. W. 671; Alford v. State, 158 Tex. Cr. R. 632, 258 S. W. 2d 817; Spinks v. State, 157 Tex. Cr. R. 612, 252 S. W. 2d 159; Walker v. State, 105 Tex. Cr. R. 252, 288 S. W. 220.

In view of another trial, the opinion is expressed that a sufficient predicate was laid to authorize the testimony of the chemist as to the blood analysis.

For the reasons stated, the judgment is reversed and the cause is remanded.

WOODLEY, Judge (dissenting).

The reversal of this conviction is predicated upon Bill of Exception No. 2, which complains of several separate remarks of the county attorney in his closing argument. To some of these objection was sustained and the argument withdrawn from the jury; to others, no objection or exception is shown, and to the remainder objection was overruled and exception noted.

Since the 1953 amendment of Article 667, V.A.C.C.P., the fact that the bill of exception is multifarious will not prevent its consideration by this court.

The writer does not understand, however, that the several claims of error reflected in a multifarious bill may be considered as "an overall picture," in determining whether or not reversible error is reflected.

The rule that where a portion of the remarks in argument complained of are proper, the bill of exception is insufficient has been adhered to to the present time by this court. See Robinson v. State, 156 Tex. Cr. R. 6, 239 S.W. 2d 193; Wilson v. State, No. 27933, decided January 25, 1956. Rehearing denied April 18, 1956 (289 S.W. 2d 597).

The majority opinion does not attempt to say that any of the several remarks complained of in the bill constitutes reversible error, but reaches the conclusion that the several remarks, considered as "an overall picture," show reversible error.

To what extent the remarks to which no objection is shown to have been addressed contribute to the "overall picture" is not disclosed in the majority opinion. Nor does the opinion reveal to what extent the remarks which were withdrawn from the jury's consideration contributed to the conclusion of the majority that the county attorney was attesting the reputation and veracity of the state's witnesses.

Surely my brethren do not intend to hold that a prosecuting attorney is precluded from getting before the jury his belief that the witnesses for the state have testified truthfully and the defense testimony to the contrary is not true!

Neither of the several remarks complained of constitutes reversible error, nor do all.

The writer adheres to the truism "nothing multiplied equals nothing."

I respectfully enter my dissent.