SAM COLE, JR. V. STATE

No. 33,373.  May 17, 1961
Appeal Reinstated June 21, 1961

*M. D. Emerson*, Paris, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

McDONALD, Judge.

Unlawful possession of whisky for the purpose of sale in a dry area is the offense; the punishment, a fine of $100.

The record on appeal reflects that appellant gave notice of appeal on December 16, 1960, and entered into an appeal bond on the same date, instead of a recognizance as is required by law.

An appeal bond entered into during the term of court at which notice of appeal is given does not comply with the statute, Art. 830, V.A.C.C.P., and does not confer jurisdiction upon this court to enter any order except to dismiss the appeal. Thompson v. State, 166 Tex. Cr. Rep. 586, 317 S.W. 2d 61; Deming v. State, 167 Tex. Cr. Rep. 592, 322 S.W. 2d 543.

The appeal is dismissed.

ON APPELLANT'S MOTION TO REINSTATE APPEAL

MORRISON, Judge.

By supplemental transcript, it is now shown that appellant has perfected the appeal to this court, and the appeal is ordered reinstated.

In view of our disposition of this cause, a recitation of the facts is not deemed necessary other than to observe that we entertain serious doubt as to their sufficiency to support the conviction. The 4/5th quart of whisky was found under the driver's seat of the automobile of the state's witness Earl Guthrie. Appellant was the other occupant of the automobile. Guthrie told the officer who found it that the whisky belonged to him.

In his argument, State's counsel said, "I don't think Earl Guthrie is in the whisky business. *I know he is not, so that takes care of that issue.*"

We quote from 1 Branch's Ann. P. C., 2nd Ed., 404, sec. 334:

"The unsworn statement of State's counsel to the jury of a material fact adverse to defendant which was not put in evidence during the trial will require the judgment of conviction to be set aside."

See also Horn v. State, 106 Tex. Cr. Rep. 190, 292 S.W. 227; Thomas v. State, 109 Tex. Cr. Rep. 578, 6 S.W. 2d 118; Clark v. State, 156 Tex. Cr. Rep. 526, 244 S.W. 2d 218; Spinks v. State, 157 Tex. Cr. Rep. 612, 252 S.W. 2d 159; Alford v. State, 158 Tex. Cr. Rep. 632, 258 S.W. 2d 817; Puckett v. State, 167 Tex. Cr. Rep. 615, 330 S.W. 2d 465; and Hickerson v. State, 162 Tex. Cr. Rep. 446, 286 S.W. 2d 437.

The judgment is reversed and the cause remanded.