James Clyde BALDWIN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 47178.

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

John J. C. O'Shea, Lubbock, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant seeks relief from a misdemeanor conviction for the offense of driving while intoxicated. Punishment was assessed at 6 months confinement in the county jail and a fine of $250.00.

There is no showing of indigency in the present case; counsel on appeal was also trial counsel. Appellant has filed a brief directly with this Court, but no brief was filed in the trial court, as required by Article 40.09, § 9, Vernon's Ann.C.C.P.

When used properly, this statute can aid this Court in its workload, by permitting the *trial judge* to first review the accused's contentions. This Court has neither the inclination nor the time to search through each record for possible error when the statute is not complied with. Still, there exists error in this case which must be reviewed in the interest of justice. Stoddard v. State, 475 S.W.2d 744 (Tex.Cr.App. 1972).

Only one of appellant's three grounds of error demands consideration. That concerns the State's reference to a prior misdemeanor D.W.I. conviction which was constitutionally void. A deputy sheriff testified that in 1962 appellant pled guilty and was assessed a $100 fine and three days in jail. The State then sought to admit certified copies of the records in that case. (This prior conviction had been pled as the second paragraph of the

present indictment. No other prior convictions were alleged in the indictment.) Defense counsel objected on the ground that such prior conviction was void, in that appellant was without counsel and did not waive counsel. Outside the presence of the jury appellant then testified as to his indigency at the time of the prior offense. The trial court agreed that the conviction was "not admissible in evidence for any purpose."

Accordingly, the judge instructed the jury not to consider the prior offense or any references to it. Defense counsel's subsequent motion for a mistrial was overruled.[1]

Appellant's contention is mainly based upon Burgett v. Texas, 389 U.S. 109, 88 S. Ct. 258, 19 L.Ed.2d 319 (1967). There also the jury was instructed not to consider the void prior convictions for any purpose. This Court's finding was reversed by the U. S. Supreme Court. We had concluded that no error was presented since the petitioner did not suffer the enhanced punishment provided by the recidivist statutes, and since the instruction to disregard the prior offenses had been given. Burgett v. State, 397 S.W.2d 79 (Tex.Cr.App.1965). The U. S. Supreme Court stated:

"The admission of a prior criminal conviction which is constitutionally infirm under the standards of Gideon v. Wainwright is inherently prejudicial and we are unable to say that the instruction to disregard it made the constitutional error 'harmless beyond a reasonable doubt' within the meaning of Chapman

v. State of California."[2] (Citations omitted)

A concurring opinion pointed out that good faith on the prosecutor's part was not the test—rather, it must be a determination as to whether the accused received a fair and impartial trial.

The State's reference to the void prior conviction was not invited or volunteered by the defense nor did the appellant ever testify before the jury regarding the prior conviction. See the concurring opinion in Beard v. State, 456 S.W.2d 82 (Tex.Cr. App.1970).

Though appellant did not suffer from the enhancement statute, we cannot conclude that the error in this cause is harmless beyond a reasonable doubt. See Ex parte Olvera, 489 S.W.2d 586 (Tex.Cr. App.1973). The minimum punishment the jury could have assessed was three days confinement in jail and a fine of $50.00. Appellant sought and was denied a probated sentence. We cannot say with any degree of certainty that the jury disregarded the void prior offense, which was also for driving while intoxicated. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L. Ed.2d 592 (1972); compare, Madeley v. State, 488 S.W.2d 416 (Tex.Cr.App.1972); McComb v. State, 488 S.W.2d 105 (Tex. Cr.App.1972); Williams v. State, 493 S. W.2d 863 (Tex.Cr.App.1973).

■ We further note that the trial court applied the Texas indeterminate sentence law in this cause (Art. 42.09, V.A.C.C.P.), reciting appellant's sentence as "not less than three days nor more than six months"

---

1. The jury was made aware at the punishment hearing of another prior misdemeanor offense, transporting liquor in a dry county. The validity of this conviction is not challenged.

2. In Simmons v. State, 456 S.W.2d 66 (Tex. Cr.App.1970), this Court held that Burgett v. Texas, supra, did not apply where the prior conviction was used to impeach the credibility of the defendant as a witness in his own behalf. Judge Onion dissented, stating that

Chapman and Burgett, supra, made it clear "that only the most compelling showing can justify finding such error harmless beyond a reasonable doubt." See also, United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L. Ed.2d 592 (1972) ; Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) and the Texas case of Woods v. State, 478 S.W.2d 513 (Tex.Cr.App.1972) which *overruled* the majority holding in Simmons v. State, supra, to the extent it was in conflict.

and a fine of $250.00. The statute has no application to jail terms but only to confinement in the penitentiary for more than the minimum term. Adami v. State, 397 S.W.2d 422 (Tex.Cr.App.1965); Vasquez v. State, 477 S.W.2d 629 (Tex.Cr.App. 1972).

Additionally, in the event of a retrial, we admonish the prosecution to refrain from improper argument. Though not briefed as a ground of error, we note that in argument the prosecutor stated, "I think that he's guilty." An objection that such a statement improperly allowed the prosecutor to state his own opinion was overruled. The objection should have been sustained. Such argument is outside the realm of proper summation. Walker v State, 105 Tex.Cr.R. 252, 288 S.W. 220 (1926).

The judgment is reversed and the cause remanded.