James Edward CLAYTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46605.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

**756**

Melvyn Carson Bruder (Court appointed), Dallas, for appellant.

Henry Wade, Dist. Atty., Mike McCollum, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery; the punishment, sixty years' imprisonment.

The disposition of this case does not require a summation of the facts.

One of the appellant's complaints is that he was deprived of a fair trial by the action of the prosecutor when he advised the jury in his argument after the guilt-innocence phase of the trial of his personal belief that the appellant was guilty. During the closing argument the prosecutor argued:

"Now, they have attacked the police officers and there's an old saying here in the courthouse when you can't defend

your defendant, go ahead and attack the prosecutors, attack the police officers, attack the District Attorney's office and they by innuendo and indirectly accused Mr. Schwille and myself of going back there with these witnesses and trying to put a big case on this poor old innocent man down here they represent. *I tell you one thing: Mr. Wade pays my salary. It's not very much. He couldn't pay me enough to come down here and prosecute a man I didn't know in my heart to be guilty. They have talked to you—* (Emphasis added.)

MR. ROBERTSON: Object to that, Your Honor.

THE COURT: Overrule the objection."

■ The prosecutor's argument that he would not prosecute a man he did not know in his heart to be guilty is improper. See Fowler v. State, 500 S.W.2d 643 (Tex.Cr.App.1973); Baldwin v. State, 499 S.W.2d 7 (Tex.Cr.App.1973); Spinks v. State, 252 S.W.2d 159 (Tex.Cr.App.1952); Alexander v. State, 126 Tex.Cr.R. 625, 72 S.W.2d 1080 (1934); Walker v. State, 105 Tex.Cr.R. 252, 288 S.W. 220 (1926). It would never be appropriate to make such argument unless it is clearly invited. After reviewing this record we cannot say that this argument was clearly invited by defense counsel's argument.

The State contends that only a "blanket objection" was made and consequently the error was not preserved. The State relies upon and cites Smith v. State, 437 S.W.2d 835 (Tex.Cr.App.1968) and Zepeda v. State, 172 Tex.Cr.R. 86, 353 S.W.2d 221 (1961) in support of this contention. What was said in those cases is clearly not applicable to the facts of this case.[1]

1. The portion of the opinion in Smith v. State, supra, upon which the State relies, reads as follows:

"The twenty-first ground of error assigned by appellant grows out of the following questions and answers:

'Q. (By the prosecutor): Did you or your brother see him the night you were watching TV?

(Appellant's counsel): I object to immateriality.

In the instant case the argument was clearly and grossly improper, and the appellant's timely although general objection was promptly but erroneously overruled. We hold that the objection is sufficient to present the matter for review although it is usually necessary to make a specific objection.

The prosecutor's improper argument requires that this case be reversed.

The appellant strenuously urges that the prosecutor also committed reversible error when he argued after the guilt-innocence phase of the trial as follows:

"They [referring to appellant's counsel] haven't talked to you about the fact that this poor man here has been sitting down here pleading to plead guilty to those offenses. Mr. Robertson and Mr. Payton haven't told you how all week long they have been trying to get us to agree to give him twenty years for those three cases."

We agree that attempts at plea bargaining made prior to or during a trial which in no way become a part of the evidence in the case should never be alluded to in argument by prosecutors. See Moulder v. State, 289 N.E.2d 522 (Ind.Ct. App.1972) and Wilson v. State, 484 S.W.2d 82 (Ark.Sup.Ct.1972). The only exception would be where the argument is clearly invited by defense counsel's argument or where such evidence has been introduced by the defendant. The argument of appellant's counsel in the case at bar, which the State contends was in invitation to their argument, is as follows:

"The case gets weaker, it gets weaker, they fail to prove what they need to

prove so what do they do, Ladies and Gentlemen of the Jury? They bring two other charges that are admitted into evidence that this man is charged with and has not had an opportunity to plead guilty or not guilty. He's never had that opportunity on the testimony that was presented.

". . .

"No, the other witnesses that they called for the purpose of prejudicing the Jury. They haven't given us an opportunity to plead guilty or not guilty under the Constitution. They haven't let us come up and enter our plea and said we did it or didn't do it.

". . .

"Let us plead guilty to the other charges if we are guilty. Give us the right that we have under the Constitution in Texas, Oklahoma, Connecticut, Illinois, wherever it may be. Give us that right that we have. We haven't had an opportunity to plead guilty.

". . .

"We brought the little Linny Kidd up. Her husband is in the penitentiary for these two armed robberies that have been introduced today, the indictment that they brought in shows the narcotics and to show th (sic) fruits of those robberies, not this one. Never been charged. Never charged with this robbery. He hasn't pled guilty to them, hasn't had an opportunity to do anything to them."

We construe the argument of appellant's counsel to refer only to the charges growing out of the extraneous offenses introduced and not to the case on

---

THE COURT: Sustained. You don't know who his brother saw.

(Appellant's counsel): Note our exception to the court on that.'

The objection made to the court's comment was too general to apprise the court of any error committed."

In Zepeda v. State, supra, the portion of the record referred to is not shown in the opinion which concludes:

"Appellant's remaining complaint is to a portion of the closing argument of state's counsel. A part of the argument was clearly proper. Appellant made a blanket objection and did not specifically point out the objectionable portion of the argument."

trial. The prosecutor's argument, including the offer to plead guilty to the charge in the case on trial, was not invited and was highly improper.

The State contends their argument does not reflect error because there was no request for a mistrial after the jury was instructed to disregard the argument. The record show as follows:

"MR. ROBERTSON: Object to that, is not in evidence.

MR. EUBANKS: That was invited argument.

THE COURT: No, no.

MR. ROBERTSON: Move for a mistrial.

THE COURT: Sustain the objection. The jury will disregard the remarks of counsel as to any offer of compromise."

Having found that the first ground of error discussed is sufficient to require reversal, we need not decide whether the error presented in this ground was properly preserved.

The appellant also complains of the following argument made by the prosecutor:

". . . Then they used the old time-worn alibi defense, that's the only defense really they have got in a robbery case, couldn't have been him he was somewhere else. They used the old time-worn alibi defense, defense printed up in this small print that even differs from the rest of the charge.

MR. ROBERTSON: Object to what is in small print or not. Nothing to do with the case. It's still in the charge.

THE COURT: I overrule the objection."

 This argument by itself is not sufficient for reversal in this case. However, it is clearly improper, since it concerns the irrelevancy, namely the type of print used in the charge. The objection should have been sustained and the jury instructed not to consider that part of the argument.

The argument of the prosecutor stating his personal belief in the guilt of the appellant is sufficient reason for the reversal of this case.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

I dissent to the reversal of this cause and to the statement that the argument set out in the majority opinion would never be appropriate. When defense counsel in argument accuses a prosecutor of trying to convict an innocent defendant, a prosecutor should be allowed to answer such argument. For further reasoning and authorities, see the dissent in Fowler v. State, 500 S.W.2d 643 (Tex.Cr.App.1973).