Frankie Mae CHAPMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 47717.

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

**238**

———◆———

Tom A. Boardman, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for robbery by assault on a plea of not guilty before a jury; the punishment by the judge, 20 years.

The sufficiency of the evidence is not disputed. The facts as testified to by the alleged victim were: Hadnot was the manager of an apartment house. Late at night appellant, an admitted prostitute, came to his office and asked to borrow $10. He agreed to let her have $10 if she would have sexual relations with him. She agreed, he gave her the $10, they had sex relations, after which he went to the bathroom, but when he came out his billfold had been emptied of about $163. He took the money from her. In about 10 minutes she came back, broke the glass out of a window on the front porch and came in. When Hadnot came from the back of the apartment, appellant came towards him with a pistol, shot him three times, took the money from his pocket and left. Hadnot was taken to the hospital, but survived to testify from a wheelchair.

Appellant testified and denied the robbery. She said Hadnot took her money from her, and she was only recovering her own property when she shot him and took money from his pocket after a struggle outside the apartment. The jury resolved all disputes in favor of the story told by Hadnot.

First, appellant complains of the argument made by the prosecutor in his closing argument when he said:

"I would ask you to believe that I would not intentionally or knowingly be a party - - - to submitting perjured evidence before you."

■ We agree that it is ordinarily improper for a prosecutor to vouch for the credibility of a witness during his argument. See Womack v. State, 160 Tex.Cr.R. 237, 268 S.W.2d 140 and Hickerson v. State, 162 Tex.Cr.R. 446, 286 S.W.2d 437.

However, if the argument in question was invited by argument of appellant's attorney, and was in reply thereto, no reversible error is shown. Hefley v. State, Tex.Cr.App., 489 S.W.2d 115, and Sennette v. State, Tex.Cr.App., 481 S.W.2d 827.

Two examples of previous argument made by appellant's counsel which seemed to bring into question the conduct and integrity of the prosecutor were:

"(1) '* * * I submit to you, ladies and gentlemen, that the information Mr. Whaley (prosecutor) had when he started this case, was completely different than what came out from the witness stand.'

"(2) 'They (prosecutors) don't want to have a struggle inside the apartment, because that doesn't go along with whatever the story that you want to accept that the complainant has.' "

■ Thus, it would appear that the argument complained of was invited and was in reply to the argument of appellant's counsel, and was not reversible error.

Secondly, complaint is made that the prosecutor argued to the jury that the arresting police officer had no doubt that the robbery had been committed. The objection was sustained, the jury instructed to disregard and motion for mistrial overruled.

The witness testified that Hadnot gave her a statement at the hospital that contained all of the elements of robbery, and even if he had related about the sexual intercourse, "that would be robbery to you?" Answer: "Yes, it would."

■ We conclude that the argument was a reasonable deduction from the evidence, and also in view of the withdrawal of the same, no reversible error is shown.

Finally, appellant urges us to reverse because on cross-examination appellant was asked about her arrest and if she had any reason to believe "they were looking for you for any other?" To which she replied, "No." Objection was sustained and the jury instructed to disregard the question.

■ Ordinarily, when the court promptly sustains an objection and instructs the jury to disregard, such action of the court will render an improper question harmless, unless the error is one of so serious a nature that the harm could not be removed. Ortiz v. State, Tex.Cr.App., 490 S.W.2d 594; Christ v. State, Tex.Cr.App., 480 S.W.2d 394; Hopkins v. State, Tex.Cr.App., 480 S.W.2d 212; Fisher v. State, Tex.Cr.App., 493 S.W.2d 841.

■ We deem the error in the third ground of error, if any, to have been rendered harmless by the instructions of the court.

■ We note that the sentence herein is not complete because the clerk inadvertently omitted to fill in all the blanks in the printed form. The record reflects that the punishment assessed by the court as shown in the judgment was 20 years. Therefore, the sentence is reformed so that appellant is sentenced to serve not less than 5 nor more than 20 years in the Texas Department of Corrections.

We find no reversible error and affirm the judgment as reformed.

Opinion approved by the Court.

DOUGLAS, Judge (concurring).

I concur for the additional reasons stated in the dissents in Fowler v. State, Tex. Cr.App., 500 S.W.2d 643, and Clayton v. State, Tex.Cr.App., 502 S.W.2d 755 (delivered December 19, 1973).