TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-03-00398-CR






Everest Nanim, Appellant


v.


The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY

NO. 596792, HONORABLE DAVID CRAIN, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Everest Nanim appeals his conviction for the offense of resisting arrest, for which he
was sentenced to sixteen days in jail. See Tex. Pen. Code Ann. § 38.03 (West 2003). In one issue
on appeal, Nanim contends that the trial court erred by not declaring a mistrial after the prosecution
made reference to plea negotiations during jury argument in the punishment phase of the trial. 
Because the court's curative instruction is presumed to have been effective, we affirm the judgment
of the trial court.


BACKGROUND


 Nanim was convicted by a jury of the class C misdemeanor of passing a school bus. 
See Tex. Transp. Code Ann. § 545.066 (West Supp. 2004). Justice of the Peace Elena Diaz assessed
a fine of $555.25, including court costs. Shortly after his conviction, Nanim filed a written notice
of appeal but failed to post the required appeal bond. At the show-cause hearing for nonpayment of
his fine, Nanim insisted on speaking with the judge, arguing that a member of her staff had told him
that his case was dismissed and displaying a document he claimed was a dismissal order. Based on
Nanim's declaration of refusal rather than inability to pay his fine, Judge Diaz found that he was not
indigent, issued a capias order, and instructed Deputy Richard McCain to place him under arrest until
his fines had been discharged. Nanim then became agitated as the deputy escorted him from the
courtroom, and a scuffle ensued. Nanim was arrested and charged with the offense of resisting
arrest, of which he was found guilty by a jury. 

 In its closing argument during the sentencing phase of the trial for resisting arrest, the
prosecution referenced its pretrial offer to Nanim of time served and court costs as a sentence: "You
heard him say he was in jail about four days. I'm sure you all heard that. When I started this case,
I was--I offered the amount of time he spent in jail already and court costs as a sentence. We'll call
it quits at that." The court sustained defense counsel's objection that the statement implicated plea-bargain negotiations and ordered the jury to disregard the comment. The defense also made a motion
for mistrial, which the trial court denied. The prosecutor rephrased his argument, stating that, "At
the start of the trial, I was willing to call it quits for the amount of time he spent in jail, which we
[have] now learned is four days." The defense renewed its objection, arguing that the comment was
an implicit statement of the plea bargain; the trial court again instructed the jury to disregard any
reference to plea-bargain negotiations. The prosecutor resumed his argument yet again, stating, "[At
t]he start of this trial, I thought an appropriate sentence was the amount of time he spent in jail and
court costs. If you think that's fine and want to call it quits with that, that's fine with me. I'd go
with your opinion." The jury returned a sentence of sixteen days in jail with no fine. Nanim argues
that the prosecutor's argument was impermissible and that the court erred by not declaring a mistrial.


DISCUSSION


 Mistrial is an extreme remedy for highly prejudicial events occurring during trial. 
Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). On appeal, the court reviews the denial
of a motion for mistrial deferentially under an abuse-of-discretion standard. Trevino v. State, 991
S.W.2d 849, 851 (Tex. Crim. App. 1999). When the trial court sustains an objection and instructs
the jury to disregard but denies a defendant's motion for mistrial, the issue is whether the trial court
erred in denying the mistrial. Goodwin v. State, 91 S.W.3d 912, 916 (Tex. App.--Fort Worth 2002,
no pet.). Resolution of the issue depends on whether the court's instruction to the jury to disregard
cured any prejudicial effect. Id. 

 Reversible error results from improper prosecutorial argument only where argument
is extreme, manifestly improper, injects new and harmful facts into the case, or violates a mandatory
statutory provision and is thus so inflammatory that its prejudicial effect cannot reasonably be cured
by judicial instruction to disregard the argument. Hernandez v. State, 819 S.W.2d 806, 820 (Tex.
Crim. App. 1991). The argument must be examined in light of the entire record. Id. Generally, an
instruction to disregard impermissible argument cures the prejudicial effect, if any. Dinkins v. State,
894 S.W. 2d 330, 357 (Tex. Crim. App. 1995). Only if the appellate court determines the instruction
to disregard was ineffective does the court go on to determine whether, in light of the record as a
whole, the argument had a substantial and injurious effect or influence on the jury's verdict. 
Goodwin, 91 S.W.3d at 916-17; see Tex. R. App. P. 44.2(b). Nanim argues that prejudicial argument to the jury was allowed during the
punishment phase of his trial in the form of unsworn testimony concerning time he had already spent
in jail and plea negotiations, and that the trial court erred by failing to declare a mistrial upon his
objection. He suggests that the State's "deliberate repetition" of the objected-to statement elevates
the severity of the alleged error. The admission during closing argument that Nanim had passed time
in jail on resisting-arrest charges was not error because it did not present new and harmful
information to the jury. Nanim himself testified as to this point during the trial. Thus, in light of the
entire record, the prosecutor's comment about time Nanim already served in jail was not improper
because it did not inject "new and harmful facts into the case." See Hernandez, 819 S.W.2d at 820. 
Additionally, plea-bargain negotiations were explicitly referred to only once--in the first statement
by the prosecution--and Nanim moved for mistrial only after that reference. The second and third
statements are better considered to be part of a proper plea for law enforcement but error, if any, was
not preserved as to those references because Nanim, while objecting to the second statement, did not
move for a mistrial after the judge instructed the jury to disregard it and did not object at all to the
third statement. Cooks v. State, 844 S.W.2d 697, 727-28 (Tex. Crim. App. 1992) (party must object
and, if objection is sustained, request instruction to disregard and move for mistrial to preserve jury-argument error). We therefore address only the single reference to plea negotiations.

 Nanim relies on Clayton v. State, 502 S.W.2d 755, 757-58 (Tex. Crim. App. 1973),
in support of his claim that the prosecutor's reference to plea bargaining requires reversal. However,
Nanim fails to recognize that the Clayton court, while discussing the improper reference to plea
bargaining, chose not to rule on the merits of that argument, reversing instead on other grounds. Id. 
The reference to plea-bargain negotiations to which Nanim objects would be improper in the absence
of an effective instruction to disregard. But here the court promptly instructed the jury to disregard
the remark, and the jury is presumed to follow the trial court's instructions in the manner presented. 
Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998); Waldo v. State, 746 S.W.2d 750,
752-53 (Tex. Crim. App. 1988).

 An instruction to disregard is presumed to cure improper prosecutorial comment
unless the remark was so inflammatory that its prejudicial effect could not reasonably be overcome
by such an instruction. See Wilkerson v. State, 881 S.W.2d 321, 327 (Tex. Crim. App. 1994). 
Curative instructions are also presumed effective to withdraw from jury consideration almost any
evidence or argument that is objectionable. Bauder v. State, 921 S.W.2d 696, 700 (Tex. Crim. App.
1996). Only offensive or flagrant error warrants reversal when there has been an instruction to
disregard. Wesbrook, 29 S.W.3d at 116. An improper prosecutorial argument is to be examined in
light of the entire record. Hernandez, 819 S.W.2d at 820.

 The evidence before the jury indicated that Nanim had spent time in jail. The
prosecutor's comment suggested that Nanim rejected a plea offer of that jail time. Although by
referring to the plea offer the prosecutor injected new facts into the case, we cannot conclude that
such reference was so inflammatory that its effect could not be reasonably cured by a judicial
instruction to disregard. See Hernandez, 819 S.W.2d at 820. Instructions to disregard have been
found to cure comments that were far more egregious than the one delivered in the punishment phase
of Nanim's trial. See, e.g., Shannon v. State, 942 S.W.2d 591, 597-98 (Tex. Crim. App. 1996)
(prosecutor's comment that defendant was sociopath held cured by prompt instruction to disregard);
Norris v. State, 902 S.W.2d 428, 442-43 (Tex. Crim. App. 1995) (prompt instruction cured
prosecution's use of word "extortion" in reference to defense counsel's jury argument in capital
case). The court's curative instruction is presumed to remove from the jury's consideration any
evidence of the plea negotiations. See Bauder, 921 S.W.2d at 700. We overrule Nanim's point of
error as it pertains to the prosecutor's first comment.

 We conclude that the prosecutor's second and third comments complained about by
Nanim also do not require reversal. Among the well-established categories for proper jury argument
is a plea for law enforcement. Borjan v. State, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990). A proper
plea for law enforcement may take many forms, one of which is to argue the relationship between
the jury's verdict and the deterrence of crime in general. Id. Appellate courts have upheld
arguments that probation is an inappropriate punishment for certain offenses. Lugo v. State, 732
S.W.2d 662, 664 (Tex. App.--Corpus Christi 1987, no pet.). Here, the prosecutor told the jury that,
in his opinion, Nanim had demonstrated a lack of respect for the judicial system and was a poor
candidate for probation. The State contends this was a proper plea for law enforcement. In making
that argument, the prosecutor explained to the jury how his reasoning had changed over the course
of the trial, including his initial satisfaction with the time Nanim had previously spent in jail and his
subsequent change of opinion after evaluating the evidence presented at trial. The error, if any, was
followed immediately by the court's instruction to disregard.


CONCLUSION

 We fail to find that the State's references to the time Nanim served in jail and plea-bargain negotiations, promptly corrected by the trial court, were so inflammatory that their
prejudicial effect was not reasonably cured by judicial instruction to disregard. Because we have
found the curative instruction to be effective, it is not necessary to decide whether the argument had
a substantial and injurious effect or influence on the jury's verdict. We hold that the trial court did
not err in denying the motion for mistrial and affirm the trial court's judgment.



 _____________________________________________

 Bea Ann Smith, Justice


Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: March 18, 2004

Do Not Publish