COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | |
| FIDEL RODRIGUEZ FUENTES, | | No. 08-11-00343-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | Criminal District Court No. 3 |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC #1223283D) |
| | § | |

## **O P I N I O N**

Fidel Rodriguez Fuentes appeals from a conviction of two counts of aggravated sexual assault of a child. A jury assessed punishment at seventy years' confinement in the Texas Department of Criminal Justice - Institutional Division on each count. The trial court entered judgment in accordance with the jury's verdict and ordered the sentences to run concurrently. On appeal, Appellant complains of two comments made by the State, one during voir dire and the other during opening statements. According to Appellant, the prosecutor's statements constitute "fundamental error." For the reasons that follow we affirm.

## **FACTUAL SUMMARY**

Appellant pleaded guilty to two counts of aggravated sexual assault of S.M., a child younger than fourteen years of age. At the punishment phase, the jury heard evidence from several witnesses, including S.M. and Appellant's common-law wife. Appellant's wife testified

that she and Appellant would babysit their nine-year-old niece, S.M., and her younger brother after school. One such day, she left him alone with the children and went to the bank. She returned home unexpectedly early and discovered Appellant in the act of sexually abusing S.M. The jury also heard testimony that this was not the only occurrence.

A professional counselor and licensed sex offender treatment provider testified that he conducted interviews with and participated in various tests performed on Appellant. During the evaluation, Appellant admitted to sexually abusing S.M. as well as another niece and an unidentified male child. Appellant also admitted to committing rape against one or more adult victims.

## DENIAL OF MOTION TO QUASH AND REFUSAL TO GRANT A MISTRIAL

Appellant brings two issues for review. He first contends that the State committed fundamental error by referencing waived counts in the indictment to the jury panel during voir dire. In Issue Two, he challenges a comment made during the prosecutor's opening statement that, "We are beyond fixing him." According to Appellant, these were so improper and inflammatory as to deny him his constitutional right to a fair trial.

### *The Statements*

At the beginning of voir dire, the prosecutor commented:

There is an indictment in this case. The indictment allegations [sic] multiple counts of aggravated sexual assault of a child under the age of 14. The Defendant has plead guilty to two counts outside the presence of the jury, and I anticipate that he will plead guilty.

Defense counsel asked to approach the bench. and the following exchange occurred:

[DEFENSE COUNSEL]: I'm going to object, and I'd like to move to quash the panel.

THE COURT: I'm going to sustain your objection, and I'll instruct the jury, but I'll deny the motion to quash the jury panel. Okay.

2

[DEFENSE COUNSEL]:  Are you going to correct it?

THE COURT:  I'm going to instruct him [sic] that he's pleading to two counts of aggravated sexual assault.  That's all they are to consider at this point.

[PROSECUTOR]:  I'm sorry.  That's --

[DEFENSE COUNSEL]:  Instruct them to disregard the last statement.

THE COURT:  Thank you.

The trial judge then instructed the jury and the Prosecutor apologized:

THE COURT:  Members of the jury panel, I'm going to instruct you to disregard the Prosecutor's statements regarding the other counts of the indictment.  As we've said earlier, the Defendant's plead guilty to the charge of aggravated sexual assault of a child as to two counts, and that's all you're to consider at this point.

State may proceed.

[PROSECUTOR]:  Okay.  If I misspoke, I apologize about that.

The next morning, defense counsel renewed his objection and moved for mistrial:

[T]he earlier statement made by the Court about the charge of continuing sexual assault, although the Court made an instruction to disregard that as you having misspoken, could be viewed as cumulative error.  And, therefore, since we've had two incidents during jury selection, I'm not sure that the instruction[s] to disregard in this regard are adequate.  And, therefore, I would move for a mistrial.

The court denied the motion.  The prosecutor then informed the court that the State waived counts 1, 2, 5, 6, 7, 8, and 9 and that "the Defendant's plea was previously entered to Counts Three and Four."  The court responded, "Okay" and defense counsel acknowledged "That's correct."  After the jury was seated, Appellant pled guilty in open court to two counts of sexual assault of a child under fourteen.

Prior to opening statements, the trial court provided instructions to the jury regarding how the trial would proceed:

From time to time it may be the duty of the attorneys to make objections

3

and my duty as Judge [is] to rule on those objections. You must not concern yourself with the objections or the reason for the Court's ruling. You must not consider testimony or exhibits to which an objection was sustained or anything [sic] had been ordered to disregard.

The opening statements and closing arguments of attorneys are intended to help you, if they do, in understanding the evidence and applying the law, but what the attorneys say is not evidence.

After these instructions, the prosecutor began her opening statement.

[PROSECUTOR]: And, ladies and gentlemen, I will tell you that this -- this trial, this punishment hearing, it's not about fixing the Defendant. You're going to hear he's 65 years old, more or less. We're beyond fixing him. I will tell you right now at the conclusion of this trial --

[DEFENSE COUNSEL]: Objection, Your Honor. The Prosecutor now instead of sticking to what she's going to prove is going back to argument, and I would object to that. It's not appropriate at this time.

THE COURT: Sustained.

[THE PROSECUTOR]: Will present --

[DEFENSE COUNSEL]: Ask the jury to disregard the last argument made by the Prosecutor.

THE COURT: Jury will so disregard.

[DEFENSE COUNSEL]: And move for mistrial.

THE COURT: Denied.

### *Standard of Review*

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial or motion to quash the venire panel, the issue on appeal is whether the trial court abused its discretion. *Capps v. State*, 244 S.W.3d 520, 527 (Tex.App.-- Fort Worth 2007, pet ref'd), *citing Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex.Crim.App. 2004)(concerning mistrial); and *Mendoza v. State*, 552 S.W.2d 444, 446-47 (Tex.Crim.App. 1977)(concerning quashing venire panel). "Only in extreme circumstances, when the prejudice

4

caused by the improper argument is incurable, that is, 'so prejudicial that expenditure of further time and expense would be wasteful and futile,' will a mistrial be required." *Capps*, 244 S.W.3d at 527, *quoting Hawkins*, 135 S.W.3d at 77.

While we do not engage in the usual harm analysis, "whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis." *Archie v. State*, 221 S.W.3d 695, 700 (Tex.Crim.App. 2007), *quoting Hawkins*, 135 S.W.3d at 77. We balance three factors: (1) the severity of the misconduct, *i.e.* the prejudicial effect; (2) the curative measures, if any, taken by the court; and (3) the certainty of conviction absent the misconduct. *See Ramon v. State*, 159 S.W.3d 928, 929 (Tex.Crim.App. 2004), *citing Mosley v. State*, 983 S.W.2d 249 (Tex.Crim.App. 1998)(op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); *Capps*, 244 S.W.3d at 527-28.

### *Analysis of Prejudicial Value, Corrective Actions, and Harm*

Generally, the first question we address is whether the complained of statements had any prejudicial effect. Assuming without deciding that the statements had any prejudicial effect, the conduct was certainly not so severe that it could not be cured, and the trial court did in fact engage in proper curative measures. In both instances, the trial court immediately instructed the jury to disregard, thereby neutralizing any possible harm. Appellant cites no authority for the proposition that an instruction to disregard would not cure error and based on the facts before us, we conclude the trial court's instructions were adequate. In light of the evidence presented, the comments would have no harmful effect. In other words, considering the certainty of Appellant's conviction absent the statements and the complete context of the prosecutor's comments, any error was harmless. *Wilkerson v. State*, 510 S.W.2d 589 (Tex.Crim.App. 1974); *Chapman v. State*, 503 S.W.2d 237 (Tex.Crim.App. 1974); *Fowler v. State*, 500 S.W.2d 643

(Tex.Crim.App. 1973); *Clayton v. State*, 502 S.W.2d 755 (Tex.Crim.App. 1973).  We overrule both issues for review and affirm the judgment of the trial court.

October 2, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)